Paulette **GRANTHAM**, Fred **Grantham**, Charles R. **Grantham**, Plaintiffs-Appellants,

v.

**MORGAN LINEN SERV. INC.**, Essick Investment Co., "Automatic" Sprinkler Corporation of America, Defendants-Appellees.

No. 18011.

United States Court of Appeals, Seventh Circuit.

Jan. 20, 1970.

Paul H. Gallagher, Chicago, Ill., for plaintiffs-appellants, Grantham and others.

James VanSanten, Chicago, Ill., for defendants-appellees, Morgan Linen.

Before CASTLE, Chief Judge, and FAIRCHILD and KERNER, Circuit Judges.

PER CURIAM.

*Order Dismissing Appeal*

On October 21, 1969, defendant-appellee Morgan Linen Serv. Inc. filed a motion which referred to Rule 12(c), F.R. A.P. That portion of the rule authorizes a motion to dismiss an appeal for failure to cause timely transmission of the record. The motion, however, is clearly one to dismiss an appeal on the ground the notice of appeal was filed too late. The motion (and response thereto) will be considered accordingly.

On July 28, 1969 the district court entered an order allowing the motion of defendant *Morgan* to dismiss the com-

plaint. Plaintiffs Grantham did not file a notice of appeal until October 15, 1969, after the expiration of the 30 day period for appeal allowed by Rule 4(a), F.R.A.P. and after the expiration of the additional 30 day period which is the maximum period of extension which the district court might have granted under such rule.

The traditional view is that failure to file a notice of appeal within the time allowed prevents jurisdiction, and the language of Rule 4(a) authorizing an extension by the district court "not to exceed 30 days", of Rule 3(a), "Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal * * *", and of Rule 26(b) "the court may not enlarge the time for filing a notice of appeal * * *" is consistent with that view.

Plaintiffs, however, cite the suggestion in 9 Moore's Federal Practice, ¶ 204.02[2], p. 910, that timely filing is no longer jurisdictional and that, although the time limitation "ought to be regarded as mandatory in the highest degree", federal appellate courts are not "utterly powerless to afford a hearing to individuals who, without fault and without any prejudice to their adversaries, have failed to appeal in time."

If such view be correct, we do not view the instant case as one for its application. Plaintiffs' counsel was well aware of the time limit, for on August 12, 1969, within the 30 days allowed by Rule 4, he applied for and was granted an extension to and including September 26.

On October 13, he applied for a further extension, tendering a notice of appeal, showing only difficulty with office help, inadvertence, and the press of other business as the excuse for failure to file by September 26. The district court granted the extension to October 15. *Morgan* moved that the extension order be set aside, but the district court ruled that the motion should properly be made before this court. The district court exceeded its authority in granting the ex-

tension, and we do not view the situation as calling for the exercise of power to excuse compliance with the rule if we have such power.

It is ordered that the appeal be dismissed.