

imposition of three concurrent sentences on the three counts. Had only a single sentence been imposed, and the judgment supporting that sentence been reversed without disturbing the convictions on the remaining counts, difficulties could have arisen on a remand, which the action taken obviated. However, the duplicitous sentences should not be left in effect after the conviction has become final.

We have not adopted the theory that on conviction of multiple counts all merge into one. United States v. Lawrenson, 4 Cir., 298 F.2d 880. The considerations which weigh against multiple punishment for technically distinct offenses which arise out of precisely the same criminal conduct are not avoided by allowing the trial judge the added flexibility in selecting among ultimate sentencing options which the practice followed below gives him, so long as, ultimately, only one of the sentences is left in effect.

Affirmed and remanded.

Minor J. Schmid (argued), Gonick, Schmid & Bernstein, Oakland, Cal., for appellant.

Walter R. Allan (argued), Noble K. Gregory, William I. Edlund of Pillsbury, Madison & Sutro, San Francisco, Cal., for appellee.

Before KOELSCH, CARTER, and HUFSTEDLER, Circuit Judges.

**Emery H. HARLAN, dba East Bay Appliance Sales & Service Co., Appellant,**

v.

**GRAYBAR ELECTRIC CO., Inc.,**
**Appellee.**

**No. 23920.**

United States Court of Appeals,
Ninth Circuit.

May 7, 1971.

PER CURIAM:

The threshold question, the answer to which is dispositive of this appeal, is whether the facts set out in the affidavits supporting plaintiff-appellant's motion in the District Court to file, out of time, a notice of appeal from the civil judgment entered against him show "excusable neglect" within the meaning of Fed.R.App.P. 4(a).

We agree with the District Court that they do not.

Notice to appellant's counsel of the entry of the judgment constituted notice to appellant; hence, he may not assert that he did not know and therefore that his failure to act was "excusable." Howard v. Local 74, Wood, Wire and Metal Lathers International et al., 208 F.2d 930

(7th Cir. 1953) (explicating Rule 73(a) Fed.R.Civ.P.—the predecessor to Fed.R. App.P. 4(a) which latter rule according to the Advisory Committee's note to Rule 4 is "derived from Fed.R.Civ.P. 73(a) without any change of substance"). And although the fact that appellant's counsel "misread" the rule to allow sixty not thirty days in which to file the notice does show neglect, it certainly does not make the neglect "excusable."

Affirmed.

**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**CALIFORNIA STATE AUTOMOBILE ASSOCIATION, Respondent.**

No. 26333.

United States Court of Appeals, Ninth Circuit.

May 12, 1971.

Alice Andrews (argued), Roy O. Hoffman, Director, NLRB, San Francisco Cal., Marcel Mallet-Prevost, Asst. Gen. Counsel, Washington, D. C., for appellant.

Robert V. Magor (argued), of Severson, Werson, Berke & Bull, San Francisco, Cal., for appellee.

Before BROWNING, HUFSTEDLER and TRASK, Circuit Judges.

PER CURIAM:

This is an application by the National Labor Relations Board (the "Board") to enforce its order against respondent California State Automobile Association (the "Company") based on the Board's findings that the Company had violated sections 8(a) (1) and 8(a) (3) and (1) of the National Labor Relations Act (29 U.S.C. §§ 158(a) (1) and 158(a) (3) and (1) ) by interfering with its employees' exercise of section 7 rights (29 U.S.C. § 157) and by discriminatorily discharging its employee, Lambrecht. We conclude that substantial evidence on the record as a whole supports the Board's findings.

Relevant to both ultimate findings of violations of the Act is evidence that the Company's manager, Govi, told salesman Hughes that he did not want Hughes involved "with the Union with Lambrecht" and threatened to "can" Hughes "[i]f any of this conversation * * * gets out" and that Govi questioned employee McDevitt about the union activities of Lambrecht and Hughes. That evidence, placed in context, was adequate to sustain the Board's conclusions that the Company had antiunion animus and that the Company had interfered with its employees' exercise of their section 7 rights. The Board was not required to resolve the conflicts in the evidence in the Company's favor.

There was evidence that would have supported a finding that Lambrecht's poor sales performance gave the Company cause to discharge him. The central inquiry is thus a familiar one: Was Lambrecht's discharge motivated by his