592 F.2d 1028
 Bankr. L. Rep. P 67,047
In the Matter of the ESTATE of BUTLER'S TIRE & BATTERY CO.,
INC., Bankrupt.
William A. HEADLEE, Trustee, Plaintiff-Appellee,
v.
FERROUS FINANCIAL SERVICES, Defendant-Appellant.
 No. 78-1381.
 United States Court of Appeals,
Ninth Circuit.
 Jan. 18, 1979.
Rehearing Denied March 29, 1979.
 
 John G. Crawford, Jr. (argued), of Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland, Or., for defendant-appellant.
 Donald W. Green, III (argued), of O'Connell, Goyak & Haugh, Portland, Or., for plaintiff-appellee.
 Appeal from the United States District Court for the District of Oregon.
 Before WRIGHT and GOODWIN, Circuit Judges, and JAMESON, District Judge.*
 EUGENE A. WRIGHT, Circuit Judge:
 
 
 1
 Ferrous Financial Services appeals from a district court order dismissing its bankruptcy appeal because it failed to file a notice of appeal from the bankruptcy court judgment within the 30-day period mandated by Bankruptcy Rule 802. We hold that the district court lacked jurisdiction to hear the appeal because Ferrous failed to establish that late filing of a request to extend the time for appeal was the result of excusable neglect.
 
 BACKGROUND
 
 2
 On August 8, 1975, the bankruptcy court entered judgment in favor of Headlee, the trustee, finding that appellant's interest in a motor vehicle was subordinate to the trustee's security interest as representative of the bankrupt estate. Ferrous filed a request for an extension of time to file an appeal on August 28, 1975, 20 days after the bankruptcy court's entry of judgment. The next day, that court set September 18 for a hearing on that request.
 
 
 3
 On September 18, the request was granted upon a finding of excusable neglect and, on the same day, Ferrous filed its notice of appeal. Thus, the notice of appeal was not filed until more than 30 days after entry of judgment, although Bankruptcy Rule 802(c) only authorizes extensions of 20 days beyond the initial 10-day limit.
 
 
 4
 The district court judge originally affirmed the bankruptcy court on the merits and on the finding of excusable neglect. He withdrew his original order, however, and filed a new one dismissing the appeal for lack of jurisdiction because of failure to file a timely notice of appeal. He Cited Salazar v. San Francisco Bay Area Rapid Transit District, 538 F.2d 269 (9th Cir. 1976), (subsequently withdrawn), believing that it required a different result.
 
 
 5
 Ferrous appealed to this court, which dismissed the appeal because the bankruptcy court judgment was not a separate document. See In re Moralez, 553 F.2d 1192 (9th Cir. 1977). In dismissing the appeal, this court suggested that the district court might wish to reconsider the dismissal because Salazar had been withdrawn. It suggested also that, should the district judge issue a new opinion, he might take note of this court's decisions strictly construing the 10-day filing period for bankruptcy appeals.
 
 
 6
 The district judge issued a new opinion basing dismissal of the bankruptcy court appeal on the cases cited in this court's order. He apparently believed dismissal was compelled by precedent in this circuit.
 
 
 7
 We hold that the district court lacked jurisdiction, not because the notice of appeal was filed beyond the 30-day limit imposed by Rule 802(c), but because Ferrous did not establish that its failure to apply for an extension of time within 10 days of the bankruptcy court judgment resulted from excusable neglect.
 
 DISCUSSION
 Timeliness of the Notice of Appeal
 
 8
 Bankruptcy Rule 802(a) requires that a notice of appeal be filed with the referee within 10 days of entry of the order or judgment appealed from.[1] Although the referee may extend the time for filing the notice of appeal for up to 20 days, the request to extend the time must be made within the initial 10-day period. Bankruptcy Rule 802(c).[2] The referee may grant a request for extension of time made after the 10 days have expired, but only upon a showing of excusable neglect by the moving party, and only if the order or judgment appealed from did not authorize the sale of property. Id.[3]
 
 
 9
 Rule 802 supersedes § 39c of the Bankruptcy Act, 11 U.S.C. § 67 (1976).[4] Both Rule 802 and § 39c provide a 10-day limit within which to appeal, and both state that requests for extensions of time must be made within the initial 10-day period. Section 39c, however, did not allow extension requests after the 10-day period, even for excusable neglect.
 
 
 10
 In addition, although § 39c required that requests for extensions be made within the 10-day limit or not at all, it did not limit the length of extension that could be granted when the request was timely. In contrast, Rule 802(c) provides for a maximum extension of 20 days. The two provisions thus differ significantly.
 
 
 11
 In our order dismissing Ferrous' first appeal, we referred the district court to our decisions strictly construing the 10-day filing period: In re Branding Iron Steak House, 536 F.2d 299 (9th Cir. 1976); In re Great Western Ranches, 511 F.2d 1021 (9th Cir. 1975), and In re Benefiel, 500 F.2d 1219 (9th Cir. 1974). We subsequently decided In re Best Distribution Co., 576 F.2d 1360 (9th Cir. 1978), in which we emphasized again the importance of filing notices of appeal and requests for extensions within the 10 days following entry of the judgment or order.
 
 
 12
 All of the above cases, with one exception,[5] construed § 39c of the Bankruptcy Act, not Rule 802(c) which allows courts to entertain requests for extension of time for filing made after the 10-day limit has expired. Consequently, those cases cannot dispose of this one which requires us to construe Rule 802(c).
 
 
 13
 The Advisory Committee's Note to Rule 802 states that it "is an adaptation of Rule 4(a) of the Federal Rules of Appellate Procedure." The two provisions parallel one another, differing only in the time limits they impose. Rule 4(a) requires that notice of appeal be filed within 30 days of entry of judgment or certain orders, unless the United States is a party. Rule 802(a) establishes a 10-day period. Rule 4(a) allows extensions for up to 30 days; Rule 802(c) allows only 20-day extensions. Under both rules, extension requests made after the initial period for filing notice of appeal may not be granted without a showing of excusable neglect.
 
 
 14
 Because of these similarities between the two rules, cases construing the timeliness requirements of the general federal appellate rule are helpful in construing Rule 802. One such case, Thompson v. Immigration & Naturalization Service, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964), held that in "unique circumstances" an appellate court may have jurisdiction to hear a technically untimely appeal.[6]
 
 
 15
 Thompson interpreted Federal Rule of Civil Procedure (FRCP) 73(a), from which Federal Rule of Appellate Procedure (FRAP) 4(a) was derived "without any change of substance." Advisory Comm. Note to FRAP 4(a). FRCP 73(a) provided that time for appeal began to run from entry of judgment or from the entry of certain orders made upon timely motion.[7] Notice of appeal would be timely only if the motion, e. g. a motion for new trial, was timely.
 
 
 16
 Petitioner's motion for a new trial was untimely in Thompson because it was made 12 days after the original entry of judgment. Nevertheless, the Supreme Court held that the motion, and thus the notice of appeal, should be deemed timely because the government had not objected to the untimeliness, the trial court had ruled that it was made in ample time, and the petitioner had relied upon the trial court ruling.
 
 The court explained:
 
 17
 (I)f any question had been raised about the timeliness of the motions at that juncture, petitioner could have, and presumably would have, filed the appeal within 60 days of the entry of the original judgment, rather than waiting . . . until after the trial court had disposed of the post-trial motions.
 
 
 18
 375 U.S. at 386, 84 S.Ct. at 398. Thompson supports the proposition that there is jurisdiction to hear an appeal when it is the fault of the lower court that notice was not earlier filed.[8] See also Wolfsohn v. Hankin, 376 U.S. 203, 84 S.Ct. 699, 11 L.Ed.2d 636 (1964), Reversing 116 U.S.App.D.C. 127, 321 F.2d 393 (1963).
 
 
 19
 In the present case, the bankruptcy court scheduled argument on the extension request for a date more than 30 days after entry of judgment. Had argument been scheduled within the 30-day period, Ferrous could have filed the notice of appeal in time, since the bankruptcy court did find that there was excusable neglect. We conclude that Ferrous reasonably withheld filing of the notice of appeal until the court had ruled on the claim of excusable neglect and should not be penalized for relying upon the court's decision to calendar argument for a date beyond the applicable time limits.[9]
 
 
 20
 Timeliness of the Request for Extension of Time
 
 
 21
 In light of Thompson, filing of the notice of appeal beyond the 30-day limit was not sufficient, in itself, to remove the jurisdiction of the district court. Nevertheless, the late filing of the notice could only be justified if it was made within a properly granted extension of the filing period.
 
 
 22
 The request for extension was not made within 10 days after entry of judgment; therefore, the extension could not be granted unless the bankruptcy judge properly found that the failure to request the extension within the 10-day limit resulted from excusable neglect.
 
 
 23
 It is well established that extensions of the time for appeal under FRAP 4(a) may be overturned on appeal only if the reviewing court finds that the lower court abused its discretion in granting the extension. Gooch v. Skelly Oil Co., 493 F.2d 366 (10th Cir.), Cert. denied, 419 U.S. 997, 95 S.Ct. 311, 42 L.Ed.2d 270 (1974); Dugan v. Missouri Neon & Plastic Advertising Co., 472 F.2d 944 (8th Cir. 1973); See generally 9 Moore's Federal Practice P 204.13(4), at 980-81 (2d ed. 1975).
 
 
 24
 Because Rule 802 is adapted from FRAP 4(a), the standard of review for a finding of excusable neglect should be the same under both provisions. See 13 Collier on Bankruptcy P 802.07(7), at 8-38 (14th ed. 1977). In his first opinion on the merits, latter withdrawn, the district judge held that the bankruptcy judge "did not abuse his discretion in finding excusable neglect."[10]
 
 
 25
 The bankruptcy judge concluded that Ferrous' late request for extension of time was excusable because 1) counsel did not know of the time limit until after the 10-day period had expired and 2) the decision to appeal could not be made while Ferrous' president was out of the state. (He was absent when notice of the judgment was received and did not return until 12 days after entry of judgment.)
 
 
 26
 In Harlan v. Graybar Electric Co., 442 F.2d 425 (9th Cir. 1971), appellant asserted that late filing of a notice of appeal under FRAP 4(a) resulted from excusable neglect because 1) his counsel misread the rule and 2) although counsel knew of the entry of judgment, appellant did not. This court held that counsel's misreading of the rule indeed showed neglect but "it certainly does not make the neglect 'excusable.' " Id. at 426. It found, in addition, that "(n)otice to appellant's counsel of the entry of judgment constituted notice to appellant." 442 F.2d at 425.
 
 
 27
 In Harlan, we affirmed the district court's finding that appellant failed to show excusable neglect. Although we have not reversed a finding of excusable neglect in this circuit, other circuits have done so. For example, in Grantham v. Morgan Linen Serv. Inc., 426 F.2d 237 (7th Cir. 1970), the Court of Appeals for the Seventh Circuit dismissed an appeal, holding that the district court improperly granted an extension of time to appeal under FRAP 4(a) after the initial 30-day period had expired. The court found that "difficulty with office help, inadvertence, and the press of other business" were insufficient to constitute excusable neglect.[11]
 
 
 28
 The district judge relied upon Harris Truck Lines, Inc. v. Cherry Meat Packers, 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962), in initially affirming the bankruptcy court's finding that Ferrous' inability to contact its president constituted excusable neglect. Harris, however, stands for a more limited proposition.[12]
 
 
 29
 The Harris court interpreted FRCP 73(a), predecessor to FRAP 4(a). When Harris was decided, Rule 73(a) allowed for a 30-day extension of the time to appeal only if a party could show "excusable neglect based on a failure of a party to learn of the entry of the judgment." Harris, 371 U.S. at 216, 83 S.Ct. at 285, Quoting FRCP 73(a). This standard applied whether the request for extension was made before or after the 30-day period had elapsed. 371 U.S. at 217, 83 S.Ct. 283.
 
 
 30
 In Harris, the district court granted a request for extension made within 30 days of entry of judgment, based on the inability of trial counsel to communicate with general counsel, who had been delegated sole responsibility for decisions as to appeal. The court of appeals reversed, finding that appellant had not made the necessary showing of excusable neglect.
 
 
 31
 The Supreme Court reversed the court of appeals, not because its conclusion regarding excusable neglect was wrong, but because appellant had relied on the district court's finding of excusable neglect to its detriment. Because the extension of time was granted within the 30-day limit, if the district court had not ruled incorrectly that the extension was justified, appellant could have risked filing a timely notice of appeal within the 30-day period, even without the authorization of general counsel.
 
 
 32
 Because of the district court's ruling, appellant was denied the option. The "unique circumstance" which justified the outcome was appellant's reliance on the trial court finding of excusable neglect Within the appropriate time to file notice of appeal.
 
 
 33
 Ferrous cannot bring itself within the Harris doctrine. It did not file its request for extension within the 10-day period following the judgment. It cannot claim reliance on any bankruptcy court ruling which prevented filing within the 10-day limit because no such ruling was made until the limit had passed.
 
 
 34
 Because Rule 802 so closely parallels FRAP 4(a), which is based upon FRCP 73(a), our interpretation of excusable neglect under Rule 802 should follow the principles governing a finding of excusable neglect under Rule 73(a).[13]
 
 
 35
 "(N)o reason other than failure to learn of the entry of judgment should ordinarily excuse a party," and . . . in cases not involving failure to learn of entry of judgment, the district courts may and should restrict extensions of time for filing notice of appeal in civil cases to "extraordinary cases where injustice would otherwise result."
 
 
 36
 9 Moore's Federal Practice P 204.13(1), at 973 (2d ed. 1975) Quoting Committee Note of 1966 to FRCP 73(a).
 
 
 37
 Ferrous has not shown either failure to learn of the entry of judgment or "extraordinary" circumstances "where injustice would otherwise result" if the untimely appeal is not heard.
 
 
 38
 Harlan established that notice to counsel constitutes notice to appellant. Ferrous cannot claim lack of notice of entry of judgment merely because its president was out of the state. Even if counsel lacked authority to file an appeal within the 10-day limit, nothing precluded him from filing the request for extension of time within those 10 days except his misunderstanding of the applicable rules. Both Harlan, in this circuit, and Grantham, in the Seventh Circuit, establish that inadvertence or mistake of counsel does not constitute excusable neglect.
 
 
 39
 We hold that the bankruptcy court abused its discretion in granting Ferrous' request for an extension of time because the judge incorrectly concluded that Ferrous' tardy filing of that request resulted from excusable neglect. Because the extension was improperly granted, the notice of appeal was untimely and the district court lacked jurisdiction to hear it.
 
 
 40
 We remand to the district court for dismissal.
 
 
 
 *
 Senior District Judge, District of Montana
 
 
 [1]
 Bankruptcy Rule 802(a) reads:
 (a) Ten-Day period. The notice of appeal shall be filed with the referee within 10 days of the date of the entry of the judgment or order appealed from. If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 10 days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires.
 
 
 [2]
 Bankruptcy Rule 802(c) provides:
 (c) Extension of Time for Appeal. The referee may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before such time has expired, except that a request made after the expiration of such time may be granted upon a showing of excusable neglect if the judgment or order does not authorize the sale of any property.
 
 
 [3]
 In this case, both sides stipulated that the property be sold before trial; therefore, Ferrous had only to demonstrate excusable neglect to justify the late filing
 
 
 [4]
 Section 39(c) of the Bankruptcy Act, 11 U.S.C. § 67 (1976), provides in pertinent part:
 (c) A person aggrieved by an order of a referee may, within ten days after the entry thereof or within such extended time as the court upon petition filed within such ten-day period may for cause shown allow, file with the referee a petition for review of such order by a judge and serve a copy of such petition upon the adverse parties who were represented at the hearing. . . . Unless the person aggrieved shall petition for review of such order within such ten-day period, or any extension thereof, the order of the referee shall become final. . . .
 
 
 [5]
 The exception is In re Branding Iron Steak House, 536 F.2d 299 (9th Cir. 1976). Although Branding Iron dealt with Rule 802, the case turned upon when the time for filing the notice of appeal began to run. That question is addressed in subsection (b) of the rule, not subsection (c) dealing with extensions. The court concluded that a notice of appeal was timely, even though not filed within 10 days of the subordination order because a motion to reconsider had been filed on the last day of an extension, tolling the time for filing the notice of appeal
 In re Best Distribution peripherally touched upon Rule 802. Although the result in that case was governed by § 39c of the Bankruptcy Act, the appellant bank argued that this court should interpret that provision in light of the recently adopted Rule 802(c). We stated that, even if Rule 802(c) were applicable, it did not aid appellant because it did not provide for such successive extensions of the filing period as were granted by the lower court.
 
 
 [6]
 In Thompson, the court relied upon an earlier case, Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962), in which the doctrine of "unique circumstances" first appeared. Id. at 217, 83 S.Ct. 283
 
 
 [7]
 Bankruptcy Rule 802(b) contains a parallel provision
 
 
 [8]
 Appellant bank in In re Best Distribution argued that Thompson justified a finding of excusable neglect because the bank had relied upon an erroneous trial court ruling. We found Thompson inapplicable because appellant had not demonstrated reliance. The bank requested an extension of time, received it, and on the last day of the extension, requested and was granted another extension. We stated:
 If, as the Bank then contended, it requested the second extension for cause . . ., then its failure to file during the first extension was not in reliance on the bankruptcy court's order granting the second extension, but for the reasons it gave in its second request. Alternatively, if the Bank actually was prepared to file during the first extension, its request for the second extension was a delaying tactic which we will not condone.
 576 F.2d at 1364.
 
 
 [9]
 The district court apparently reasoned similarly in its first opinion on the merits, which was later withdrawn. It stated that, although notice of appeal was filed more than 30 days after entry of judgment, filing of the extension request within the 30-day period satisfied the requirements of Rule 802(c): "Ferrous should not be penalized for delays due to the scheduling by the bankruptcy judge of oral argument on its request for extension of time."
 The result we reach is consistent with that in Salazar v. San Francisco Bay Area Rapid Transit District, 538 F.2d 269 (9th Cir.), Cert. denied, 429 U.S. 951, 97 S.Ct. 370, 50 L.Ed.2d 319 (1976), a more recent case interpreting FRAP 4(a).
 In Salazar, the procedural facts of the present case were reversed. FRAP 4(a) allows 30 days for filing a notice of appeal, with a 30 day extension upon a showing of excusable neglect. The appellant filed her notice of appeal 56 days after entry of judgment, within the 60 day period, but did not move to extend the time for appeal until 97 days after entry of judgment.
 This court concluded that there was jurisdiction to hear the appeal, despite the late filing of the request for extension, citing Stirling v. Chemical Bank, 511 F.2d 1030, 1032 (2d Cir. 1975), where under similar circumstances the court treated the notice of appeal as "the substantial equivalent of a motion to extend the time because of excusable neglect." Salazar, 538 F.2d at 270.
 Ferrous' request to extend the time for appeal could be viewed as the "substantial equivalent" of a notice of appeal, under the Salazar reasoning.
 
 
 [10]
 In his final opinion dismissing the appeal, the district judge reiterated that, if he were empowered to rule on the question, he would affirm the bankruptcy judge's finding of excusable neglect
 
 
 [11]
 Other circuits have held that extensions under the FRAP or FRCP were an abuse of discretion even though neglect was arguably as excusable as it was in this case. See, e. g., Airline Pilots v. Executive Airlines, Inc., 569 F.2d 1174 (1st Cir. 1978) (secretary to appellant's attorney made mistake in entering date on which period for appeal expired); Gooch v. Skelly Oil Co., 493 F.2d 366 (10th Cir. 1974) (one of appellant's attorneys received copy of trial court's order but the other did not)
 
 
 [12]
 The district court also cited Alley v. Dodge Hotel, 163 U.S.App.D.C. 320, 501 F.2d 880 (1974), which is also distinguishable. It dealt with a pro se litigant who filed a motion for leave to appeal In forma pauperis one day after the extension period for filing appeals under FRAP 4(a) had expired. Because there was some question regarding the actual date of filing, no inquiry by the court into the delay, and no attempt by the court to assist the indigent pro se litigant, the court remanded to the district court for findings on the question of excusable neglect
 The court in Alley acknowledged that this circuit takes a stricter stance on adherence to rules governing appeal. 501 F.2d at 884, n.13 (citing Smith v. United States, 425 F.2d 173, 174-75 (9th Cir. 1970)).
 
 
 [13]
 The language in FRAP 4(a) regarding excusable neglect was derived from the 1966 version of FRCP 73(a). Prior to 1966, FRCP 73(a) provided that a party could move for an extension only on a showing of excusable neglect based on failure to learn of the entry of judgment. The reason for dropping the reference in 1966 to failure to learn of the entry of judgment was to give discretion to extend the time for filing an appeal "in extraordinary cases when injustice would otherwise result." See 9 Moore's Federal Practice P 204.13(1), at 968 (2d ed. 1975), Quoting Committee Note of 1966 to FRCP 73(a)