HANSON, Senior District Judge:
 

 This bankruptcy case presents two questions, one substantive, the other procedural. The procedural question is whether the
 
 *536
 
 bankruptcy court abused its discretion in granting the defendant-appellee Commissioner of Internal Revenue Service (Commissioner) 20 extra days in which to file his notice of appeal from the judgment of the bankruptcy court entered on April 10, 1978. The substantive question is whether the plaintiff-appellant bankrupt (Donnell) “reported” the federal income tax he owed for 1970 on his return for that year, within the meaning of § 17(a)(1)(c) of the (old) Bankruptcy Act, 11 U.S.C. § 35(a)(1)(c) (1976),
 
 [1]
 
 by merely reporting his gross income and (improperly) claimed deductions, without, however, explicitly reporting that he owed the tax for which he has ultimately been found liable. The bankruptcy court held for Donnell on the substantive question. The district court ruled that the bankruptcy court did not abuse its discretion in granting the Commissioner an extension of time to file his notice of appeal; but that the bankruptcy court erred in ruling in favor of the bankrupt on the substantive question. We affirm.
 

 I.
 

 Donnell was a shareholder in a corporation called Western States Service Company. Another shareholder embezzled some $116,522.36 from the corporation, which took a deduction in that amount on the federal tax return it filed in 1970. Donnell also took a deduction in that amount on his personal federal income tax return for 1970; as a result he apparently reported that he owed no tax at all, and he claimed and received a refund of $2,225 for that year. The IRS audited Donnell’s return, and disallowed the deduction; Donnell was notified of a deficiency of $18,207 in his tax payments for 1970.
 

 Donnell timely filed a petition for rede-termination of the deficiency with the Tax Court in February 1975. Accordingly, the IRS was prohibited from assessing the deficiency until the decision of the Tax Court became final.
 
 See
 
 26 U.S.C. § 6213(a).
 

 On June 13, 1975, before the decision of the Tax Court became final, Donnell filed his voluntary petition in bankruptcy. He was adjudicated a bankrupt on the same day. He duly scheduled the claim of the IRS for $18,207 in taxes for 1970. On September 23,1975, he was discharged in bankruptcy and all his debts except the one here at issue were discharged. This proceeding, seeking a determination of the discharge-ability of the 1970 tax debt, was filed in the bankruptcy court on June 13, 1976. The question is whether the tax is one “not affected by a discharge” under § 17(a)(1)(c), which provides in pertinent part that:
 

 a. A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as (1) are taxes which become legally due and owing by the bankrupt to the United States . . . within three years preceding bankruptcy:
 
 Provided, however,
 
 that a discharge in bankruptcy shall not release a bankrupt from any taxes * * * (c) which were not reported on a return made by the bankrupt and which were not assessed prior to bankruptcy by reason of a prohibition on assessment pending the exhaustion of administrative or judicial remedies available to the bankrupt, * * *.
 

 More particularly, since it is clear that the tax was “not assessed prior to bankruptcy by reason of a prohibition on assessment pending the exhaustion of [Donnell’s] . . . judicial remedies,” the narrow question is whether Donnell did or did not “report” the tax on his personal income tax return for 1970. It is uncontested that Donnell did not report that he owed $18,207 in taxes. His claim is rather that the tax was “reported” because his gross income and claimed deductions were reported, and this gave the IRS all the information it needed to determine his tax liability. Donnell cites
 
 In re Wukelic,
 
 396 F.Supp. 141 (S.D.Ohio 1975) in support of his position.
 
 But see Wukelic v. United States,
 
 544 F.2d 285 (6th
 
 *537
 
 Cir. 1976) (reversing
 
 In re Wukelie
 
 and holding that “Clearly, in § 17(a)(1)(c) [Congress] did not choose to make the correct identification of [gross income and] improperly taken deductions a basis for discharge in bankruptcy”);
 
 In re Michaud,
 
 458 F.2d 953 (3d Cir.),
 
 cert. denied sub nom. Michaud v. United States,
 
 409 U.S. 876, 93 S.Ct. 125, 34 L.Ed.2d 129 (1972) (accord);
 
 In re Indian Lake Estates, Inc.,
 
 428 F.2d 319 (5th Cir.),
 
 cert. denied sub nom. Stewart, Trustee in Bankruptcy v. United States,
 
 400 U.S. 964, 91 S.Ct. 366, 27 L.Ed.2d 383 (1970) (accord).
 

 We come now to the facts giving rise to the procedural question in the case. On August 30, 1976 (before
 
 In re Wukelic
 
 was reversed by the Sixth Circuit), the bankruptcy court entered judgment in favor of Donnell, finding that he had “reported” his 1970 taxes and that they were dischargea-ble under § 17(a). There was a procedural flaw at this point: the bankruptcy court’s judgment was not on a separate document, as required by Bankruptcy Rule 921(a).
 
 [2]
 
 Nevertheless, the Commissioner timely appealed the judgment to the district court; the parties briefed and argued the merits in the district court without raising the no-separate-document problem; and in a memorandum of decision filed on February 11, 1977, the district court reversed the bankruptcy court for the first time, citing
 
 Wuk-elic v. United States, Michaud,
 
 and
 
 Indian Lake Estates, supra.
 
 There was another procedural flaw at this point: the district court’s judgment was not entered on a separate document either, as required by F.R. Civ.P. 58.
 
 [3]
 
 Nevertheless, Donnell timely appealed the judgment to this Court, again apparently without raising the no-separate-document problem, and briefs were filed by the parties. On January 25, 1978, a two-judge panel of this Court ruled in a short order that the district court had been without jurisdiction to hear the Commissioner’s appeal from the bankruptcy judgment because that judgment was not on a separate document, citing
 
 In re Moralez,
 
 553 F.2d 1192 (9th Cir. 1977). The ease was remanded to the district court, which was ordered to vacate its order reversing the bankruptcy judgment and to dismiss the Commissioner’s appeal from that judgment. This Court’s order provided that:
 

 Upon entry of a proper judgment by the bankruptcy court a new appeal may be taken to the district court by any party, provided that the procedures mandated by Bankruptcy Rules 801-814 are followed. If the district court enters a proper judgment and that decision is appealed to this Court, then upon stipulation or motion the record and briefs filed in this appeal may be transferred to the new appeal.
 

 The clerk will retain the record and briefs in this appeal for six months from the date of entry of this order.
 

 In re Donnell,
 
 No. 77-1854 (9th Cir. filed January 25, 1978).
 

 Oddly enough, the first thing the district court did following remand was not to vacate its prior order and dismiss the Commissioner’s appeal from the invalid bankruptcy judgment pursuant to this Court’s order, but was instead to enter a new judgment of its own, on a separate document, reversing the still-invalid judgment of the bankruptcy court. This was done on February 7, 1978, “[i]n order to complete the record in this matter,” apparently in the belief that Donnell’s appeal to this Court had been dismissed because of the district court’s (rather than the bankruptcy court’s) failure to enter its judgment on a separate document. However, on March 13, 1978, some effort
 
 *538
 
 was made to comply with this Court’s order. On that date the district court vacated its order reversing the judgment of the bankruptcy court, and advised counsel that “upon entry of a proper judgment by the Bankruptcy Court a new appeal may [be] taken and that upon stipulation or motion the records and transcripts of this appeal may be transferred to the new appeal.... [A]ny new appeal in this action shall be assigned to this Court.” We note, however, that there is no indication in the record that the district court ever
 
 dismissed
 
 the Commissioner’s appeal from the invalid bankruptcy judgment, as this Court had ordered it to do.
 

 On April 6, 1978, the parties filed a “stipulation for entry of judgment” in the bankruptcy court, which concluded as follows:
 

 In order to complete the record and to provide a final order from which the defendant [Commissioner] can appeal under the ruling of the Circuit Court,
 

 IT IS HEREBY STIPULATED that a separate form of judgment (a copy of which is attached hereto as Exhibit “B”) may be entered by the Court.
 

 Judgment, in favor of Donnell as before, was entered by the bankruptcy court pursuant to this stipulation on April 10, 1978. Under Bankruptcy Rule 802(a),
 
 [4]
 
 the Commissioner had ten days from the date judgment was entered, or until April 20,1978, to file his new notice of appeal in the bankruptcy court — assuming that a new notice of appeal was required in order to again vest jurisdiction of the case in the district court.
 

 No notice of appeal was filed by April 20. According to the affidavit of the Assistant United States Attorney handling the case:
 

 On April 28,1978,1 reviewed the file in this matter and determined that a new notice of appeal should have been filed to perfect the appeal from the judgment entered by the Bankruptcy Court ....
 

 At all times previous to such date, I had been under the impression that the District Court had retained jurisdiction of the matter and that the requirement to obtain a form of judgment on a separate piece of paper was a matter of form rather than substance.
 

 Counsel for the Commissioner called the office of Donnell’s counsel on April 28 and again on May 1; he was informed that counsel was out of the country and would not be back for about two weeks, and that no one was authorized to act in this matter in his stead. On May 1, counsel for the Commissioner filed an “ex parte application for extension of time to file notice of appeal” in the bankruptcy court. Bankruptcy Rule 802(c) provides that:
 

 The referee may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before such time has expired, except that a request made after the expiration of such time [as here] may be granted upon a showing of excusable neglect if the judgment or order does not authorize the sale of any property.
 

 The judgment here in question of course did not authorize the sale of any property; and by way of showing excusable neglect, counsel said in his application that “The reasons for this oversight were (1) that counsel, in error, believed that the record was complete upon obtaining the separate form of judgment, and (2) that the appeal being perfected was really that of the Bankrupt.” An order extending the time for filing a notice of appeal until May 10 (exactly the 20 extra days permitted by Rule 802(c)) was filed by the bankruptcy court on May 1; and the Commissioner’s new notice of appeal to the district court was filed on May 2.
 

 
 *539
 
 On May 25, 1978, Donnell moved the district court to dismiss the Commissioner’s new appeal, arguing that the order extending the time for appeal was invalid because it was obtained ex parte and issued “without any showing of excusable neglect,” and that the Commissioner’s notice of appeal was therefore not timely filed. The district court denied this motion on July 3, 1978. The substantive issue in the case was again briefed and argued in the district court; and on December 15, 1978, that court again reversed the judgment of the bankruptcy court, again citing
 
 Wukelic v. United States, Michaud,
 
 and
 
 Indian Lake Estates, supra.
 
 This second appeal to this Court followed.
 

 II.
 

 We consider first whether the district court correctly assumed jurisdiction of the Commissioner’s second appeal. This depends on whether the bankruptcy court abused its discretion in granting the Commissioner’s request for an extension of time in which to file his notice of appeal, which, absent the extension, would have been filed too late to vest jurisdiction in the district court. This, in turn, depends (since the request for the extension came after the 10-day period normally allowed for appeal under Bankruptcy Rule 802(a)) on whether the bankruptcy court was justified in finding that the Commissioner had made a sufficient showing of “excusable neglect” in connection with his failure to have filed his notice of appeal within the normal 10-day period.
 
 [5]
 
 Bankruptcy Rule 802(c);
 
 Matter of Estate of Butler’s Tire & Battery Co., Inc.,
 
 592 F.2d 1028 (9th Cir. 1979)
 
 (Butler’s).
 

 Butler’s
 
 is the leading case in this circuit on the standard for a proper finding of excusable neglect under Bankruptcy Rule 802(c). It generally assimilates the question of excusable neglect under this rule to the same question as it arises and has arisen under F.R.App.P. 4(a) and F.R. Civ.P. 73(a) (abrogated December 4, 1967, eff. July 1, 1968) (from which F.R.App.P. 4(a) was derived).
 
 [6]
 
 Under these rules the standard for a proper finding of excusable neglect is a high one. In the interests of finality and the prompt disposition of cases, such findings are not to be lightly made or extensions lightly granted. The party requesting the extension of time to file his notice of appeal must certainly show more than mere unilateral inadvertence or mistake of counsel. 592 F.2d at 1034. On the other hand, a finding of excusable neglect is justified and “there is jurisdiction to hear an appeal when it is the fault of the lower court that notice was not earlier filed.” 592 F.2d at 1032;
 
 cf. Thompson v. Immigration & Naturalization Service,
 
 375 U.S. 384, 84
 
 *540
 
 S.Ct. 397, 11 L.Ed.2d 404 (1964);
 
 [7]
 

 Harris Truck Lines, Inc. v. Cherry Meat Packers,
 
 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962);
 
 [8]
 

 Chipser v. Kohlmeyer & Co.,
 
 600 F.2d 1061 (5th Cir. 1979);
 
 [9]
 

 Fairway Center Corp. v. U.I.P. Corp.,
 
 491 F.2d 1092 (8th Cir. 1974).
 
 [10]
 
 More generally,
 

 ‘ “[N]o reason other than a failure to learn of the entry of judgment should ordinarily excuse a party,” and ... in eases not involving failure to learn of entry of judgment, the district [and bankruptcy] courts may and should restrict extensions of time for filing notice of appeal in civil cases to “extraordinary cases where injustice would otherwise result.” ’
 

 592 F.2d at 1034
 
 (quoting
 
 9 Moore’s Federal Practice ¶ 204.13[1], at 973 (2d ed. 1975), in turn
 
 quoting
 
 Committee Note of 1966 to F.R.Civ.P. 73(a)). The question before us then is whether this is one of those extraordinary cases where injustice would have resulted if the bankruptcy court had not found excusable neglect and granted the Commissioner’s request for an extension of time in which to file his notice of appeal. We conclude that it is. The fundamental consideration is the role the courts below played in generating the confusing situation in which counsel for the Commissioner found himself on and about April 10, 1978.
 

 In the first place, it was the fault of the bankruptcy court that the case was not fully resolved on its merits upon the first appeals to the district court and then to this Court. Counsel for the Commissioner did everything perfectly the first time around; the only reason for this whole new round of proceedings is the failure of the bankruptcy court to have entered its August 30, 1976 judgment on a separate document as required by Bankruptcy Rule 921(a).
 

 Moreover, we are impressed by the hyper-technicality of the rule — since abrogated— that resulted in the abortion of the first appeals. The rule was that, under the Rules of Civil and Bankruptcy procedure and in the alleged interest of certainty as to the timeliness of appeals, a judgment set forth on a separate document was an absolute prerequisite to appellate jurisdiction, whether of the district courts in bankruptcy
 
 *541
 
 proceedings or of the court of appeals in other civil proceedings.
 
 United States v. Indrelunas,
 
 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973) (construing F.R.Civ.P.58);
 
 Baker v. Southern Pac. Transp.,
 
 542 F.2d 1123 (9th Cir. 1976) (same);
 
 In re Moralez,
 
 553 F.2d 1192 (9th Cir. 1977) (construing Bankruptcy Rule 921(a) in reliance on
 
 Indrelunas).
 
 But this
 
 per se
 
 rule was disapproved in
 
 Bankers Trust Co.
 
 v.
 
 Mallis,
 
 435 U.S. 381, 385-386, 98 S.Ct. 1117, 1120-1121, 55 L.Ed.2d 357 (1978), the Supreme Court finding (in a Rule 58 case) that
 

 [c]ertainty as to timeliness ... is not advanced by holding that appellate jurisdiction does not exist absent a separate judgment. If, by error, a separate judgment is not filed before a party appeals, nothing but delay would flow from requiring the court of appeals to dismiss the appeal. Upon dismissal, the district court would simply file and enter the separate judgment, from which a timely appeal would then be taken. Wheels would spin for no practical purpose^]
 

 and holding that “[t]he need for certainty as to the timeliness of an appeal ... should not prevent the parties from waiving the separate-judgment requirement where one has accidentally not been entered.” This case demonstrates the correctness of these conclusions. We have no doubt that if the first appeal in this case had come before this Court after
 
 Bankers Trust Co.
 
 was decided, this Court would have reached the merits, holding that Donnell had waived the no-separate-judgment defect by participating without objection in the Commissioner’s first appeal to the district court. In any event, in view of the fact that
 
 Bankers Trust Co.
 
 was decided on March 28, 1978, we do not wonder that counsel for the Commissioner believed on Aprii 10 and immediately thereafter that “the requirement to obtain a form of judgment on a separate piece of paper was a matter of form rather than substance.”
 

 Besides his justified belief in the sterile formalism of the exercise he was being put through, counsel for the Commissioner also believed that “the appeal being perfected was really [Donnell’s].” In a sense, of course, this was correct: it is clear from its order of January 25, 1978 that this Court expected that the technical gaps in the record would be filled in
 
 pro forma
 
 and rather quickly, and that the case would be back before it on Donnell’s new appeal without too much delay. Nevertheless, counsel’s belief, insofar as it was correct, was not to the point: before Donnell’s appeal to this Court could be perfected, the Commissioner’s, to the district court, had to be. More to the point was counsel’s belief that the district court had “retained jurisdiction” of the case, and that the record was therefore complete upon the entry by the bankruptcy court of its judgment on a separate document. This belief, though mistaken, was excusable in view of the way the district court handled the case following remand. Technically, the district court had never had jurisdiction of the case at all, and therefore cannot have “retained” jurisdiction of it; such was the purport of this Court’s order remanding the case with directions that the district court dismiss it. Nevertheless, following remand the first act of the district court was an exercise of jurisdiction — the entry of a new judgment on a separate document reversing the bankruptcy court’s still-invalid judgment of August 30, 1976. Even when the district court later partially complied with this Court’s order by vacating its judgment, it did not formally dismiss the Commissioner’s appeal. These actions and inactions of the district court unquestionably contributed to counsel’s impression that’the district court had “retained jurisdiction” of the case, and to his failure to file his notice of appeal within the 10 days allowed under Bankruptcy Rule 802(a). Certainly no other reason appears why counsel failed to do so; for example, it is clear that he had no reason or wish to delay the proceedings. The district court, therefore, as well as the bankruptcy court, contributed to the confusing circumstances in which the bankruptcy court made its finding of excusable neglect and granted the Commissioner’s request for an extension of time in which to file his notice of appeal.
 

 
 *542
 
 We hold that the bankruptcy court did not abuse its discretion in doing so. Under all the circumstances of the case injustice would have resulted had the Commissioner’s request been denied. In short, the district court correctly denied Donnell’s motion to dismiss for want of subject matter jurisdiction and correctly proceeded for the second time to a consideration of the merits of the Commissioner’s appeal.
 

 III.
 

 Donnell’s case on the merits is less meritorious than his case on the procedural issue. As we have already indicated, three other circuits, each after thoroughly canvassing the question, have concluded that
 

 the phrase “taxes . . . which were not reported on a return made by the bankrupt” as used in Section 17(a)(1)(c) of the Bankruptcy Act includes a tax deficiency ultimately established by the Government even if, as in [this case], the taxpayer has fully reported both his gross income and the basis of the deductions which are ultimately disallowed.
 

 In re Michaud, supra,
 
 458 F.2d at 957;
 
 see also Wukelic v. United States, supra,
 
 544 F.2d at 291;
 
 In re Indian Lake Estates, Inc., supra,
 
 428 F.2d at 324. There is no circuit authority to the contrary; and the only district or bankruptcy court cases to the contrary that we are aware of were reversed in the three decisions just cited. We have examined these decisions and elect to follow them.
 

 Accordingly, the judgment of the district court is affirmed.
 

 [1]
 

 . All references herein to “§ 17a” and “§ 17a(l)(c)” will be to the statute just cited. All references to the “Bankruptcy Rules” will be to the Rules of Bankruptcy Procedure as found in the Appendix to Title 11 U.S.C. (1976).
 

 [2]
 

 . Bankruptcy Rule 921(a) provides:
 

 A judgment in an adversary proceeding or contested matter shall be set forth on a separate document. Every judgment shall be entered forthwith in the referee’s docket as provided in Rule 504 or, if the judgment is by the district judge, in the civil docket as provided in Rule 79(a) of the Federal Rules of Civil Procedure. A judgment is effective only when entered as required by this subdivision.
 

 [3]
 

 . F.R.Civ.P. 58 provides in pertinent part:
 

 * * * Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided by Rule 79(a).
 

 4s 4s if! * 4s
 

 [4]
 

 . Bankruptcy Rule 802(a) provides:
 

 The notice of appeal shall be filed with the referee within 10 days of the date of the entry of the judgment or order appealed from. If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 10 days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires.
 

 [5]
 

 . Donnell’s argument that it was improper to grant the request for extension of time because both the request and the granting of it were
 
 ex parte
 
 is entirely without merit. Bankruptcy Rule 802(c) contains no requirement that such requests, even those made after the initial 10-day period, shall be granted only after notice and hearing. 13 Collier on Bankruptcy '' 802.-07[9] at p. 8-40 (14th ed. 1978) explicitly assumes that they may be granted ex
 
 parte.
 
 Donnell’s lawyer was served with copies of the ex
 
 parte
 
 request and the order granting the request. Donnell’s right to challenge the propriety of the order in the district court was preserved and exercised. The district court did not err in refusing to dismiss the appeal on the ground that the order was entered
 
 ex parte.
 

 [6]
 

 . F.R.Civ.P. 73(a) provided in pertinent part:
 

 * * * (2) upon a showing of excusable neglect the district court in any action may extend the time for filing the notice of appeal not exceeding 30 days from the expiration of the original time herein prescribed;
 
 * * *
 

 At the time
 
 Butler’s
 
 was decided (January 18, 1979) F.R.App.P. 4(a) provided in pertinent part:
 

 Upon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision. Such an extension may be granted before or after the time otherwise prescribed by this subdivision has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate.
 

 Rule 4(a) was amended on April 30, 1979, effective August 1, 1979; it now provides that the district court may extend the time for filing the notice of appeal upon a showing of either excusable neglect
 
 or good cause.
 

 [7]
 

 . In
 
 Thompson,
 
 the appellant had made an untimely motion for new trial which, if timely, would have tolled the running of the time for appeal until the motion was disposed of. The district court erroneously ruled that the motion was timely and ruled on it; appellant thereafter filed a technically untimely notice of appeal. The Supreme Court held that the district court’s erroneous ruling on the timeliness of the motion for new trial, on which appellant relied, constituted a “unique circumstance” justifying the exercise of appellate jurisdiction despite the late filing of the notice of appeal.
 

 [8]
 

 . In
 
 Harris Truck Lines,
 
 the appellant requested an extension of time in which to file his notice of appeal under F.R.Civ.P. 73(a) on grounds of excusable neglect; the request was made within the 30 days normally allowed for appeal under the rule. The district court erroneously found excusable neglect and granted the extension. Relying on the invalid extension, appellant waited to file its notice of appeal until after the normal 30 days had run. The Court held that this was a “unique circumstance” justifying the exercise of appellate jurisdiction despite the technically late filing of the notice of appeal.
 

 [9]
 

 . In
 
 Chipser,
 
 the district court issued a “somewhat confusing” order granting a j.n.o.v. or, in the alternative, a new trial. In response to an inquiry made by the appellant, the court incorrectly implied that a new trial had been granted without qualification. Later, after the normal 30-day period for appeal under F.R.App.P. 4(a) had passed, the court
 
 sua sponte
 
 amended its earlier order to make it clear that the grant of a new trial would take effect only if the j.n.o.v. were reversed on appeal. The appellant then requested an extension of time in which to file his notice of appeal, and one was granted on the basis of what the 5th Circuit held was a proper finding of excusable neglect: “[Cjounsel [was] misled by good faith reliance on a statement of the district court.”
 

 [10]
 

 .In
 
 Fairway Center Corp.,
 
 the district court erroneously granted the appellant an extension of time in which to file certain post-trial motions. After the normal 30-day time for appeal had run, the district court realized its mistake and denied an untimely motion for new trial, but granted appellant’s request for an extension of time in which to file its notice of appeal, reasoning “that appellant’s failure to timely perfect his appeal was excusable neglect, since the District Court had improperly granted him extensions of time to file post trial motions.” The finding of excusable neglect was upheld on appeal.