**In re Edward E. SNOW, Debtor.**

**Bankruptcy No. 281–02254–D–7.**

United States Bankruptcy Court,
E.D. California.

Oct. 6, 1982.
As Modified Oct. 28, 1982.

Byron Lee Lynch, Redding, Cal., for debtor.

Thomas McCampbell, Chico, Cal., for Trustee, Stanley E. Silva.

## MEMORANDUM OPINION AND DECISION

LOREN S. DAHL, Bankruptcy Judge.

This matter is before the court upon the application of the Debtor for an extension on the filing period for a notice of appeal from an order restricting his claims of exemptions. The Debtor filed the notice of appeal from the above order on July 27, 1982, one day beyond the ten-day period allowed under Bankruptcy Rule 802(a). The grounds upon which the Debtor justifies the request for an extension is that the delay was caused by excusable neglect.

## STATEMENT OF THE FACTS

The Memorandum Opinion and Decision for the Order from which the appeal is now sought was entered on July 13, 1982. 21 B.R. 598 (Bkrtcy). A copy of this opinion was mailed to Byron Lee Lynch, Esq., counsel for Debtor, on July 13 and received on July 14. Counsel for the Trustee, Thomas McCampbell, Esq., mailed a copy of the proposed order, identical to the final order, to Mr. Lynch on July 15 and was received July 16, 1982. The actual order was entered July 16, 1982, and a copy thereof was sent by Mr. McCampbell by U.S. Postal Service, postage prepaid, to Mr. Lynch on July 20. Mr. Lynch has stated that the final order did not arrive at his desk until the afternoon of July 26. Realizing that July 26 was the 10th and final day for filing a notice of appeal, Mr. Lynch determined that the proper course of action was to mail his notice of appeal and a request for an extension based on excusable neglect—alleged delay in the mails—to this Court.

## FAILURE TO RECEIVE NOTICE OF ENTRY OF ORDER IS NOT EXCUSABLE NEGLECT IN AND OF ITSELF

Bankruptcy Rule 922 provides that the Bankruptcy Referee (Judge) shall serve notice of entry of judgment upon the party opposed to an order. This section expressly

provides, "Lack of notice of the entry does not affect the time for appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 802." Rule 922(a). The Advisory Committee's Note to Rule 922(a) states that it is an adaptation of Rule 77(d) of the Federal Rules of Civil Procedure. The failure of receiving notice of entry of a judgment as the sole grounds for the extension of the time to file a notice of appeal was dismissed by the Second Circuit in *Fase v. Seafarers Welfare and Pension Plan,* 574 F.2d 72 (2d Cir. 1978). The *Fase* court found that excusable neglect under Rule 4(a) of the Federal Rules of Appellate Procedure, which was adapted for Bankruptcy Rule 802(c), could not include mere failure to give notice based upon explicit language found in the Advisory Note to Rule 77(d), which states:

"Rule 77(d) as amended makes it clear that notification by the clerk of the entry of a judgment has nothing to do with the starting of the time for appeal; that the time starts to run from the date of entry of judgment and not from the date of notice of the entry. Notification by the clerk is merely for the convenience of litigants. And lack of such notification in itself has no effect upon the time for appeal; but in considering an application for extension of time for appeal as provided in (Fed.R.App.P. 4(a)), the court may take into account, as one of the factors affecting its decision, whether the clerk failed to give notice as provided in Rule 77(d), or the party failed to receive the clerk's notice. It need not, however, extend the time for appeal merely because the clerk's notice was not sent or received. It would, therefore, be entirely unsafe for a party to rely on absence of notice from the clerk of the entry of a judgment, or to rely on the adverse party's failure to serve notice of entry of judgment."

For the court in *Fase, supra,* the prompt receipt of the court's Memorandum Opinion and Order (as was received in this matter) immediately after filing should have been sufficient to alert the parties as to the deadline for filing the notice of appeal.

■ It is the duty of legal counsel to see that important deadlines are met. See *Stirling v. Chemical Bank,* 511 F.2d 1030 at 1032 (2d Cir. 1975) "[W]here the losing party has promptly received the court's order and opinion, and the only extenuating circumstance is the failure of the clerk to send notice of entry of judgment, we cannot affirm a finding of excusable neglect." *Fase, supra,* at 77.

■ Placing the burden of determining filing dates on the attorney for notices of appeal is consistent with the very narrow interpretation of what constitutes excusable neglect. The leading case in the Ninth Circuit interpreting excusable neglect for the purposes of Bankruptcy Rule 802(c) is *Matter of Butler's Tire & Battery Co., Inc. v. Ferrous Financial Services,* 592 F.2d 1028 (9th Cir. 1979). A very strict standard is to be applied by the courts in establishing excusable neglect that will allow extension of the prescribed deadlines. The mere difficulty with office help, inadvertence, and the press of other matters are insufficient to constitute excusable neglect. *Butler's Tire, supra,* at 1033. The *Butler's* court set out two grounds for finding excusable neglect: (1) failure to learn of the entry of judgment, or (2) in the extraordinary cases where injustice would otherwise result.

As recognized in *In re Donnell,* 639 F.2d 535 (9th Cir. 1981), the failure to receive notice must have been the fault of the lower (trial) court and not the mere failure of counsel to learn of the entry date. In the instant case, the information was available to both parties at the court clerk's office and as stated in Federal Rules of Civil Procedure, Rule 77, Advisory Note: "It would, therefore, be entirely unsafe for a party to rely on absence of notice from the clerk of the entry of a judgment, or to rely on the adverse party's failure to serve notice of entry of judgment."

## DEBTOR HAS NOT SHOWN DELAY TO HAVE BEEN CAUSED BY UNIQUE CIRCUMSTANCES OR EXCUSABLE NEGLECT

■ Additionally, Debtor has not carried his burden to show this court that the delay

was caused by more than mere unilateral inadvertence or mistake of counsel. *In re Donnell, supra.* "[T]he party requesting the extension must make a clear showing that the circumstances causing the delay were unique and that the neglect was excusable, ... and, finally, that '[c]ourts should sanction deviations from the letter of the rules only on the most compelling showing that (the purposes of the Rules) are served.'" *Fase, supra,* at 76 (citations omitted). The only showing to this Court has been as follows:

An endorsed copy of the court's Memorandum Opinion and Decision was mailed July 13, 1982, at Sacramento to Attorney McCampbell in Chico and to Attorney Lynch in Redding. The court held that the Memorandum Opinion and Decision should constitute Findings of Fact and Conclusions of Law and directed Attorney McCampbell to prepare and submit an order consistent therewith. On July 15, Attorney McCampbell caused an original proposed order to be mailed to the court and a copy to Attorney Lynch. The court at Sacramento received the proposed order July 16 on which day it was signed, filed and endorsed copies returned to Attorney McCampbell. Attorney McCampbell then caused an endorsed copy of the order to be mailed at Chico on July 20 to Attorney Lynch in Redding. Mr. Lynch makes no contention that he did not receive the Memorandum Opinion and Decision from the court on July 14 or the copy of the proposed order from Mr. McCampbell on July 16, but does assert that he did not receive the endorsed copy of the order from Mr. McCampbell's office until July 26 (six days after mailing from Chico—a distance of only 62 miles). Whether his office received it sooner but it was not brought to his attention until July 26 is unknown to the court. The only explanation of this delay has been a vague assertion that it must have been delayed in the mails, even though all other subject matter correspondences mailed within the same time period were delivered in one day.

■ Finally, this Court must also question Mr. Lynch's solution to the dilemma once he realized that the period filing the notice of appeal had almost expired. Though counsel has stated that he believed there to have been a six-day delay by the U.S. Postal Service in the delivery of the notice of the entry of the order, he elected to mail to this Court on July 25 his notice of appeal and request for an extension by the same postal system. The postal service delivered the notice and request promptly on July 26, one day after the mailing. By mailing it on the last day to file a notice of appeal, counsel had insured that it would arrive late. "As with Rule 60 of the Federal Rules of Civil Procedure, the excusable neglect provision found in Rule 802(c) is not intended to relieve a party of the consequences of a decision deliberately made, although subsequent events reveal that such decisions were unwise." *In re Hall,* 15 B.R. 913 (Bkrtcy.App. 9th Cir. 1981). The mere fact that counsel thought that the alleged delay in the mails would be grounds for excusable neglect or that the use of the mails while knowing that late filing of the notice of appeal would result does not broaden the discretion of this Court in granting an extension to the filing period.

■ This Court respects the preference of the American system of jurisprudence to decide an issue on its merits and not on a technical rule of procedure. However, rules of procedure exist to insure that our court system can function to dispense justice for society. As a matter of law, mere failure to receive notice of the entry of a judgment or order by the court cannot unilaterally be classified as excusable neglect. When counsel has received the Memorandum Opinion and Decision and a copy of the proposed order, he is sufficiently made aware that the filing period for the notice of appeal may be rapidly approaching. This Court also finds that the debtor has not carried his burden of showing that any delay was caused by circumstances that were unique and thus excusable and not by the mere press of business or difficulties with office help or inadvertence. Granting of extensions to the filing periods prescribed under Bankruptcy Rule 802 based

on excusable neglect must be closely scrutinized to determine whether or not the high standard required has been met. Debtor has failed to comply with the requirements for excusable neglect under Bankruptcy Rule 802(c) and his request for an extension of time to file a notice of appeal is denied. The notice of appeal, being filed late is of no legal consequence; therefore, the order rendered as to the exemptions of the debtor became final under Interim Bankruptcy Rule 8006 when the 10-day period expired on July 26, 1982.

This Memorandum Opinion and Decision shall constitute Findings of Fact and Conclusions of Law and an Order Dismissing the Purported Notice of Appeal.