873 F.2d 1441
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Luke DURUSSEL, Defendant-Appellant.
 No. 89-7504.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 10, 1989.
April 24, 1989.
 
 Luke Durussel, appellant pro se.
 Linda Kaye Teal, Office of the United States Attorney, for appellee.
 Before SPROUSE, CHAPMAN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Luke Durussel appeals from an order of the district court denying his motion to correct his sentence brought pursuant to Fed.R.Crim.P. 36. The order dismissing the Rule 36 motion was entered July 7, 1988. Durussel's notice of appeal was not filed until December 27, 1988, well outside the ten-day period established by Fed.R.App.P. 4(b). It was, therefore, untimely. In addition, Durussel failed to move for an extension of the appeal period within the additional 30-day period provided under the rule. The time periods established by Fed.R.App.P. 4 are "mandatory and jurisdictional." Browder v. Director, Department of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).
 
 
 2
 In his notice of appeal Durussel contends that his appeal should be heard because he did not receive notice of the July 7, 1988 order until December 9, 1988. The district court's docket sheet lends support to Durussel's allegation. It appears from the docket sheet that the July 7 order was sent to the assistant United States attorney and to the federal public defender, who was representing Durussel at that time on an unrelated motion to reduce his sentence brought pursuant to Fed.R.Crim.P. 35. There is no indication that the July 7th order was sent to Durussel.
 
 
 3
 Although we assume, without deciding, that Durussel did not receive notice of the July 7th order until December 9th, this is insufficient to vest this Court with jurisdiction to consider this appeal. Fed.R.Crim.P. 49(c) provides that "lack of notice of the entry by the clerk [of an order] does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted by Rule 4(b) of the Federal Rules of Appellate Procedure." See also Silvia v. Laurie, 594 F.2d 893 (1st Cir.1979) (although failure to receive notice of a district court's order may constitute a showing of excusable neglect if brought to the district court's attention during the time period within which motions for extension of time can be filed, the exception is of no help if appellant learns of the entry of the order being appealed after the expiration of the time period within which extensions may be granted).
 
 
 4
 In this case, the ten-day period for noting an appeal expired on July 18, 1988. The 30-day period within which Durussel could have moved for extension of the time period for noting his appeal expired August 17, 1988. Additionally, at the time that Durussel filed his Rule 36 motion he was represented by the federal public defender on a Rule 35 motion to reduce his sentence. The docket sheet indicates that Durussel's counsel was given notice of entry of the July 7, 1988 order. We believe that notice to an appellant's counsel of the entry of an order constitutes notice to the appellant. He may not, therefore, contend that he did not know of entry of the order and advance his lack of knowledge as a basis for the court to accept jurisdiction. Harlan v. Graybar Elec. Co., Inc., 442 F.2d 425 (9th Cir.1971). Durussel's failure to note a timely appeal or obtain an extension of the appeal period deprives this Court of jurisdiction to consider this issue. We therefore dismiss the appeal. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 5
 DISMISSED.