**NICHOLS–MORRIS CORPORATION,**
Plaintiff-Appellant,

v.

**Robert E. MORRIS, Defendant-Appellee.**

No. 299, Docket 25948.

United States Court of Appeals
Second Circuit.

Argued May 3, 1960.

Decided May 25, 1960.

Melvin D. Kraft and Klein & Opton, New York City, for plaintiff-appellant.

Alvin M. Stein, Parker, Chapin & Flattau, New York City, Samuel M. Chapin, New York City, of counsel, for defendant-appellee.

Before HAND and FRIENDLY, Circuit Judges, and JAMESON, District Judge.

HAND, Circuit Judge.

This is an appeal from an order of Judge Kaufman in the Southern District of New York that denied the plaintiff's motion for an order extending its time for sixty days after the entry of a judgment denying part of the damages claimed by the plaintiff for breach by the defendant of his fiduciary duty. Judge Weinfeld, who tried the case without a jury, on June 24, 1959, D.C., 174 F. Supp. 691, found the defendant liable to the plaintiff for only $23,500 out of a much larger sum demanded and dismissed a claim for an injunction. On July 30 the plaintiff's attorney served on the defendant's attorney notice that a judgment of which it enclosed a copy would be presented "for settlement and signature" to Judge Weinfeld on August 6th; and on July 31, the defendant's attorneys served on the plaintiff's attorneys a similar notice enclosing its own counterproposal. On August 18 Judge Weinfeld signed a judgment and the clerk entered it on the same day, and endorsed the entry upon it. He sent notice of entry to the defendant but none to the plaintiff, apparently because he did not know that the plaintiff's much larger claim had not been allowed. The plaintiff concedes that the "managing attorney," Helmke, of plaintiff's firm on August 20 saw a notation in the Law Journal that an order had been signed, went to the clerk's office and saw the judgment "shortly after it was signed," with the clerk's endorsement upon it that it had been entered on the 18th. However, he did nothing towards serving a notice of appeal. "In or about the first week of September within two weeks after the entry of judgment," the attorney who had tried the case for the defendant telephoned the plaintiff's attorneys and asked a senior member of the firm whether "the plaintiff intended to appeal from the judgment." He added that if so the defendant would also appeal, but if the plaintiff did not appeal the defendant "would have to make arrangements to obtain funds necessary to satisfy the judgment. If on the other hand plaintiff intended to appeal * * * it was the intention of defendant to defer the making of such arrangements until after the appeal was decided." The plaintiff's attorney answered that the plaintiff had not yet decided whether to appeal. On September 14 the defendant's attorney again telephoned the same plaintiff's attorney and told him that the defendant was leaving for Europe on the 17th, and repeated that, if the plaintiff did not appeal, the judgment could not be satisfied while he was gone. The plaintiff's attorney said that he had talked with the plaintiff's president and that the plaintiff was still undecided whether to appeal, but that he would tell the defendant's attorney "promptly" after a decision had been reached. The plaintiff's attorney who tried the case had been on vacation during August, but he did nothing until September 30 when he moved before Judge Kaufman to extend the time to appeal to October 17, sixty days after entry of the judgment. The present appeal is from Judge Kaufman's denial of this motion.

■ It is common ground that since the amendment to Rule 77(d) in 1946, the time to appeal from a judgment begins to run from the date of its entry and not from any notice of entry, as was the case before the amendment. Hill v. Hawes, 320 U.S. 520, 64 S.Ct. 334, 88 L.Ed. 283. The language is plain: "Lack of notice of entry by the clerk does not * * * relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 73(a)." Since Rule 73(a) limits the time to appeal to thirty days after entry and the plaintiff did not take any

step towards an appeal until September 30, 1959, this court could get no jurisdiction over the appeal unless the district court should "extend the time for appeal not exceeding 30 days from the * * * original time." The "original time" expired on September 17th, but the district court had discretion to extend the time thereafter until October 17th "upon a showing of excusable neglect based on a failure * * * to learn of the entry of the judgment." As has appeared, the plaintiff's "managing attorney" saw the judgment on file within a couple of days after it was signed and filed, but apparently did not observe the clerk's note upon it that it had been entered on the 18th. This note was indeed unnecessary because it is the "notation of a judgment in the civil docket" that "constitutes the entry of the judgment" (Rule 58), and the judgment was noted on the docket on August 18.

The plaintiff suggests no excuse for the "managing attorney's" neglect except that Judge Weinfeld had made some erasures and additions to the typed copy on file which the attorney supposed left some questions open. However, we do not decide whether the district judge might have excused the "managing attorney's" negligence, or indeed whether in his discretion he ought not to have done so. This we need not do because in September the plaintiff's trial counsel had more than ten days within which to appeal and took no action. It is true that he had been on vacation in August, but Labor Day was September 4th, and, as we have already said, during the first two weeks of September the defendant's attorney discussed the possibility of an appeal by the plaintiff and the plaintiff's attorney put off any immediate settlement because the plaintiff had not decided whether to appeal; and the second telephonic conversation on the 14th was to the same effect. It is of course true that they might have had these talks in ignorance of the fact that a judgment had been signed, but that they discussed an appeal from a judgment not yet signed seems to us too remote to be accepted, and, if the judgment had been signed, it presumably had been noted in the docket which is an "entry." Rule 58.

What we have said goes to the propriety of Judge Kaufman's exercise of his discretion, but that is not quite the question before us. We are to say whether his discretion was beyond the bounds of proper discretion; and to do so we should have to hold that any reasonable person would think that the combination of Helmke's undoubted negligence with the two interviews between the attorneys was an adequate excuse. The change in Rule 77(a) plainly charges the putative appellant with a duty to follow the progress of the action and advise himself when the court makes the order against which he wishes to protest. We cannot avoid the conclusion that the failure to act was the result either of a failure to understand the law, or of one of those careless omissions to which everyone is indeed subject, but which do not excuse inaction.

Order affirmed.