In re Anthony R. MARTIN–TRIGONA, Debtor.

Bankruptcy No. 5–81–00254.

United States Bankruptcy Court, D. Connecticut.

May 29, 1981.

---

Jan Ira Gellis, Gellis & Melinger, New York City, for debtor.

Christopher Hoge, Crowley & Hoge, Washington, D.C., for Estate of Allen E. Hoffard.

William Vishno, Lattanzie & Vishno, New Haven, Conn., for First Nat. Bank.

MEMORANDUM OF OPINION AND ORDER ON DEBTOR'S MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL—RULE 802(c)

ALAN H. W. SHIFF, Bankruptcy Judge.

## I

### Background

On April 29, 1981, this court, after a full hearing, ordered the appointment of a trustee in the above captioned Chapter 11 case over the objection of the debtor's attorney. That Order was entered on May 4, 1981. On the basis of that Order, Richard Belford, Esq. of New Haven, Connecticut was appointed trustee on May 5, 1981. On May 19, 1981 the debtor's attorney filed an affidavit, dated May 15, 1981, with a proposed order seeking to extend the time for filing "a Notice of Appeal from the order of this court dated May 5, 1981, which appointed Richard Belford as a trustee". The statutory authority asserted for the proposed order was Rule 802(c), Rules of Bankruptcy Procedure.[1]

The affidavit filed by the debtor's attorney states, in pertinent part, as follows:

(a) On May 13, 1981, he received a letter from this court notifying him of the appointment of Richard Belford as trustee.

(b) Subsequent to that time and prior to the filing of his application, he did not have an opportunity to discuss with the debtor "whether or not we will appeal the order of this court dated May 5, 1981." (It should be noted that the debtor is presently incarcerated in a Federal Prison in Springfield, Missouri).

(c) The request for extension of time to file a Notice of Appeal through June 5, 1981 was due to the fact that he will be on vacation from May 16, 1981 through May 26, 1981 and the earliest time he could consult with the debtor would be May 26, 1981.

The debtor's motion having invited the court to consider his request for an extension without oral argument, and it appearing that oral argument will add nothing but gloss to the position asserted by the debtor, delay the administration of this case and add needless expense to the litigants. The debtor's Motion To Extend Time To File

---

1. 802(c) Extension of Time for Appeal. The referee may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before such time has expired, except that a request made after the expiration of such time may be granted upon a showing of excusable neglect if the judgment or order does not authorize the sale of any property.

Notice of Appeal will be considered on the papers filed.

## II

### Question Presented

While Rule 802(c) permits an extension of twenty days from the expiration of time otherwise provided by the rule, the request for such extension "must be made before such time has expired, except that a request after the expiration of such time may be granted *upon the showing of excusable neglect* . . ." (emphasis added)

Since the debtor did not file his motion to extend until May 19, 1981 (four days after the expiration of the ten day period in this case), the question thus presented is as follows:

Has the debtor demonstrated "excusable neglect" so that an extension of time to file a notice of appeal from the May 5, 1981 order of this court is warranted?

## III

### Discussion

█ The debtor's motion and supporting affidavit assert two bases for his claim that the delay in filing a timely notice of appeal was due to excusable neglect, to wit:

(1) debtor's attorney did not receive actual notice of the May 5, 1981 order until May 13, 1981, and

(2) debtor's attorney did not have an opportunity to discuss the merits of an appeal with the debtor.

Neither claim rises to the level of excusable neglect as that term has been interpreted by a recent court decision in this circuit.

"The question thus becomes 'whether there was excusable neglect entitling appellants, in the district court's discretion, to an extension of time . . .'. The answer, of course, depends on the meaning given to the phrase 'excusable neglect'. In this regard, we believe that the determination of 'whether neglect is excusable depends on the facts of the case at hand and . . . should be determined on the basis of the 'common-sense meaning of the two simple words applied to the facts which are developed'. This common-sense approach is to be coupled with an awareness that the 'excusable neglect' standard is intended to be a 'strict one', that the party requesting the extension must make a clear showing that the circumstances causing the delay were unique and that the neglect was excusable, and, finally, that 'courts should sanction deviations from the letter of the rules only on the most compelling showing that [the purposes of the Rules] are served'."

*Fase v. Seafarers Welfare and Pension Plan*, 574 F.2d 72, 76 (2d Cir. 1978).[2]

### (1)

### Actual Notice

Bankruptcy Rule 922(a) provides that "lack of notice of the entry (of an order) does not affect the time of appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 802". Bankrúptcy Rule 922 is an adaptation of Rule 77(d) of the Federal Rules of Civil Procedure and thus cases determining the effect of lack of notice under Rule 77(d) are relevant to the question presented in the instant case. See Advisory Committee's Note to Rule 922.

As held in *Nicholas-Morris Corporation v. Morris*, 279 F.2d 81, 82 (2d Cir. 1960) ". . . since the amendment to Rule 77(d) in 1946, the time to appeal from a judgment begins to run from the date of its entry and not from any notice of entry, as was the case before the amendment." Moreover, Rule 77(d) "plainly charges the putative appellant with a duty to follow the progress of the action and advise himself when the court makes the order against which he wishes to protest". *Nicholas-Morris Corporation v. Morris*, supra, 279 F.2d at 83. Lack of notice does not excuse neglect.

---

**2.** *Fase* construed Rule 4a Fed.R.App.P. The question of excusable neglect under Rule 802(c) corresponds to Rule 4a Fed.R.App.P. See Advisory Committee's Note to Rule 802.

*Fase v. Seafarers Welfare and Pension Plan,* supra, 574 F.2d at 76–77. "The only effect upon the time for appeal of the failure of the clerk to serve notice of entry of judgment or order is ... that the failure *may* afford a basis for an extension of time." *Fase v. Seafarers Welfare and Pension Plan, supra,* 574 F.2d at 76, quoting 9 Moore's Federal Practice. Par. 204.03. at 911 (2d ed. 1975) (emphasis in original).

In the instant case, however, any equitable consideration supporting an extension of time on the basis of the relatively late notice sent by the clerk is weakened by the presence of the debtor's attorney at the April 29, 1981 hearing on the appointment of a trustee.

Having participated in the April 29, 1981 hearing, the debtor's attorney was fully aware of the courts' decision to order the appointment of a trustee in this case. Since there is no indication that the debtor's attorney, who practices law in New York City, or the debtor, who is presently incarcerated in a Missouri federal prison, knew anything about Richard Belford, if there was any basis for appealing the order appointing Richard Belford as trustee in this case, that basis was applicable to the appointment of any trustee and was known to the debtor's attorney as early as April 29, 1981. Thus any claim that the debtor's attorney lacked actual notice of the appointment of the trustee in this case until May 13, 1981 is of minimal significance. Indeed, if the affidavit filed by the debtor's attorney is accepted on its face, the aforementioned "duty to follow the progress of the action" is all the more compelling.

(2)

*Opportunity to discuss appeal with debtor*

Even assuming that the debtor's attorney could not communicate with his client, although, for reasons stated below, that is highly unlikely, it was the debtor's attorney, not the debtor, who was best able to evaluate whether there was any legal basis for appealing the order. If the debtor's attorney felt there was such a basis, he could have filed the notice of appeal in order to protect his client's rights within the ten day time limitation imposed by Rule 802(a). At the very least, he could have filed for an extension of time on May 13 (when he caims he first received notice of the order appointing the trustee), May 14 or May 15, 1981, within the ten day time limit. *Harlan v. Graybar Electric Co.,* 442 F.2d 425 (9th Cir. 1971); *Wm. A. Headlee v. Ferrous Financial Services,* 592 F.2d 1028 (9th Cir. 1979).

There is however, a significant lack of showing that any effort was made to confer with the debtor. The debtor's attorney merely asserts that he did not have an "opportunity to discuss" an appeal with his client. The court is accordingly left to speculate as to whether his lack of opportunity was due to conflicts in his own schedule, or whether he tried to visit or have someone else visit the debtor, whether he wrote or sent a telegram to the debtor, whether he attempted to communicate with the debtor through prison authorities or whether he communicated with the prison authorities to acquaint them with his client's potential appeal.

Whatever effort, if any, was made by the debtor's attorney to communicate with his client, none was mentioned in his motion or supporting affidavit. Obviously, the debtor was not being held incommunicado by the federal prison officials in Missouri. It is, however, apparent that the delay in filing the notice of appeal was not shown to be "excusable neglect".

### ORDER

Accordingly, it is hereby

ORDERED that the debtor's Motion for Extension of Time to File Notice of Appeal is denied and

IT IS FURTHER ORDERED that, pursuant to Rule 921 of the Rules of Bankruptcy Procedure, judgment shall enter in accordance with the foregoing Order.