**In the Matter of D. Dean BARNARD, Debtor.**

**Sonia URANSKY, Plaintiff,**

v.

**Hugh Lee NATHURST, III, Defendant.**

**Bankruptcy No. 77–601 Orl P.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

May 9, 1983.

ruptcy judges exercise jurisdiction as "adjuncts" over the substantive law enacted by the Bankruptcy Code.

Deane L. Jensen, Fort Myers, Fla., for plaintiff.

Hugh Lee Nathurst, pro se.

## ORDER ON REQUEST FOR EXTENSION OF TIME COUPLED WITH NOTICE OF APPEAL

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a pre-Code case and the immediate matter under consideration is a Notice of Appeal and Request for Extension of Time filed by Hugh Lee Nathurst, III, the Defendant in the above-styled proceeding. This adversary proceeding was originally commenced as a contested matter, but by agreement of the parties and in accordance with B.R. 914, the adversary rules were applied.

The Court heard argument of counsel, considered the record and finds as follows:

On January 31, 1983, this Court entered an Order on Motion for Summary Judgment and Motion for Reconsideration of Claim. On February 28, 1983, 28 days after the entry of the Order, Nathurst filed this Notice of Appeal and Request for Extension of Time, in which he alleged that (1) the attorney of record, Mr. Jeffrey Rice, did not receive a copy of the January 31 Order until February 4, 1983; that upon receipt of the Order, Mr. Rice immediately forwarded a copy of the same to Nathurst's address in San Francisco, unaware that Nathurst was in fact in Florida; that Nathurst actually received the copy on February 11, 1983 and that attempts by Nathurst and Rice to make telephonic contact in order to discuss the filing of a Notice of Appeal were unsuccessful. Accordingly, Nathurst contends that his failure to file a timely Notice of Appeal was due to excusable neglect, therefore, the Court should extend the time for filing the Notice of Appeal pursuant to B.R. 802(c).

Bankruptcy Rule 802 states in pertinent part:

"(a) *Ten-Day Period.* The Notice of Appeal shall be filed with the [Bankruptcy Court] within 10 days of the date of entry of the judgment or order appealed from . . .

(c) *Extension of Time for Appeal.* The time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before such time has expired, except that a request made after the expiration of such time may be granted upon a showing of excusable neglect . . ."

As pointed out by the Advisory Committee Note, B.R. 802 is an "adaptation of Rule 4(a) of the Federal Rules of Appellate Procedure." Although Rule 4(a) allows for a maximum 30 day extension and B.R. 802 allows only a 20 day extension, both rules require that a request for extension filed outside the initial 10 day period may be granted *only* upon a showing of excusable neglect. *In re Butler's Tire & Battery Co., Inc.,* 592 F.2d 1028, 1031 (9th Cir.1979). Because B.R. 802 is derived from F.R.A.P. 4(a), the case law interpreting Rule 4(a) is instructive as to what constitutes excusable neglect. *Butler's Tire & Battery, supra,* 592 F.2d at 1033 (citing 13 Collier on Bankruptcy, ¶ 802.07[7], at 8–38 (14th ed. 1977).

■ The question of excusable neglect was extensively discussed by the Court of Appeals for the Second Circuit in the case of *Fase v. Seafarers Welfare and Pension Plan,* 574 F.2d 72, 76 (2d Cir.1978):

"The question thus becomes "whether there was excusable neglect entitling appellants, in the district court's discretion, to an extension of time ...." *Stirling v Chemical Bank,* supra 511 F.2d [1030] at 1032. See generally, 9 Moore's Federal Practice, ¶ 204.13 (2d ed. 1975). The answer of course depends on the meaning given to the phrase "excusable neglect." In this regard, we believe that the determination of "whether neglect is excusable depends on the facts of the case at hand and ... should be determined on the basis of the 'common-sense meaning of the two simple words applied to the facts which are developed.'" *Gooch v. Skelly Oil Co.,* 493 F.2d 366, 369 (10th Cir.), cert. denied, 419 U.S. 997, 95 S.Ct. 311, 42 L.Ed.2d 270 (1974), quoting *Buckley v. United States,* 382 F.2d 611, 614 (10th Cir.1967) cert. denied, 390 U.S. 997, 88 S.Ct. 1202, 20 L.Ed.2d 97 (1968). This common sense approach is to be coupled with an awareness that the "excusable neglect" standard is intended to be a "strict one," Stern, Changes in Federal Appellate Rules, 41 F.R.D. 297, 298–99 (1967). That the party requesting the extension must make a clear showing that the circumstances causing the delay were unique and that the neglect was excusable, *Winchell v. Lortscher,* 377 F.2d 247, 251, 254–55 (8th Cir.1967); see *Gooch v. Skelly Oil Co.,* supra, 493 F.2d at 368 ("real showing"); *Lowry v. Long Island R.R.,* 370 F.2d 911, 912 (2d Cir.1966) and, finally, that "[c]ourts should sanction deviations from the letter of the rules only on the most compelling showing that [the purpose of the Rules] are served," *In re Orbitec Corp.,* supra, 520 F.2d [358] at 362 ...."

In the case of *Harlan v. Graybar Electric Co.,* 442 F.2d 425 (9th Cir.1971), the Appellant asserted excusable neglect for failure to file a notice of appeal based on a misreading of the Rule by his attorney and the fact that although the attorney knew that a judgment had been entered, the Appellant had no actual knowledge of the same. The Court held that misreading the Rule was not *excusable* neglect and notice of the entry of judgment to Appellant's counsel constituted notice to the Appellant.

The Bankruptcy Court for the District of Connecticut considered a situation which in many respects mirrors the case at bar. *In re Martin—Trigona,* 11 B.R. 414 (Bkrtcy.D. Conn.1981). The attorney, having failed to timely file a notice of appeal or a request for extension of time in which to file a notice of appeal, sought an extension of time based on the fact that he received the order from which he sought to appeal eight days after the entry of the same and he was unable to discuss with his client the merits of the appeal. The Court held that even though the Debtor's attorney was unable to communicate with his client, it was the attorney and not the client who was best able to evaluate the legal basis for appealing the order. Further, the Court noted that the attorney could have filed a Notice of Appeal or a request for an extension of time within the ten-day period to protect the rights of his client. *Martin-Trigona,* supra at 417.

In the instant case, it is without dispute that counsel for Nathurst received a copy of the order within the 10 days provided for filing a Notice of Appeal or a timely Motion for Extension of Time. The request to extend time was not filed until February 28, 1983, or almost two days short of the 30 days provided by B.R. 802(c). There is nothing in this record, under the authority cited, which would warrant a finding of excusable neglect. Thus, the request to extend time is without merit and cannot be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Request to Extend Time be, and the same hereby is, denied. It is further

ORDERED, ADJUDGED AND DE-CREED that the Notice of Appeal be, and the same hereby is, stricken as untimely.