[Civ. No. 65148. Second Dist., Div. Five. May 10, 1983.]

SHANDRA SINNAMON, Plaintiff and Respondent, v.
GREGORY McKAY et al., Defendants and Appellants.

**COUNSEL**

Irving O. Spiegel, Horvitz & Greines, Ellis J. Horvitz and Marilyn L. Hoffman for Defendants and Appellants.

Engel & Engel, Donald S. Engel and James P. Cinque for Plaintiff and Respondent.

**OPINION**

**STEPHENS, J.**—Appellants Gregory McKay and Gem Productions, Inc. (hereinafter appellants) appeal from an order dismissing their request for a trial de novo in the superior court. At issue is whether Labor Code section 1700.44,[1] which provides that the Labor Commissioner's determination regarding labor-related disputes is subject to an appeal to the superior court for a trial de novo *"within 10 days after determination,"* should be construed to require the appeal to be filed within 10 days *after* service of notice of the Labor Commissioner's determination. We believe the latter interpretation is in order and accordingly reverse the decision of the trial court.

The relevant facts are as follows: On March 18, 1980, respondent Sinnamon (petitioner below and respondent hereinafter), filed a petition to determine controversy with the Labor Commissioner pursuant to section 1700.44. Respondent alleged that appellants violated provisions of the Talent Agencies Act. (§ 1700 et seq.)

Upon conclusion of a hearing before the Labor Commissioner, the matter was submitted for determination on September 23, 1980. On May 8, 1981, the Labor Commissioner filed its determination and award in favor of respondent. That determination and award was served upon the parties some four days later.

---

[1]All further references are to the Labor Code unless otherwise noted.

After its receipt, appellants' attorneys contacted the Division of Labor Standards Enforcement and inquired about the appropriate format for an appeal to the superior court for a trial de novo. The division replied by mailing appellants' attorneys a "Notice of Appeal" form "pursuant to Labor Code section 98.2."[2]

On May 18, 1981, 10 days after the Labor Commissioner's determination (§ 1700.44), the statutory period during which appellants could have timely filed their appeal of the Labor Commissioner's ruling expired. On May 20, 1981, appellants filed their "Notice of Appeal and Request for Trial de Novo." Appellants relied upon the appeal form sent by the labor division as well as their own mistaken belief that section 98.2 was applicable and allotted them until May 22, 1981, to file their appeal.

On August 20, 1981, appellants' appeal and request for trial de novo was dismissed for failure to file a timely notice pursuant to section 1700.44. Ergo, the superior court considered itself lacking jurisdiction to entertain the appeal. Appellants thereafter initiated this appeal.

## DISCUSSION

Section 1700.44 allows for any party discontented with the decision of the Labor Commissioner in an administrative proceeding regarding controversies arising under that section to seek review of that decision "within 10 days after determination" by filing an appeal to the superior court. Appellants maintain that section 1700.44 must be construed as requiring an appeal to be filed within 10 days after service of notice of such determination. A contrary interpretation, they insist, would deprive those parties who never receive notice, or those parties who receive late notice of the determination, such as themselves, due process.[3] Respondent takes the opposite position that the time to file the appeal begins immediately upon filing of the Labor Commissioner's determination and that there is no notice requirement.

■ In construing section 1700.44, it is fundamental that we ascertain the intent of the Legislature in order to effectuate the purpose of the law. (*California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 698 [170 Cal.Rptr. 817, 621 P.2d 856]; *Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) ■ "'An equally basic rule of statutory construction is . . . that courts are bound to

---

[2]Labor Code section 98.2 subdivision (a), provides in pertinent part: "Within 10 days after service of notice of an order, decision or award the parties may seek review by filing an appeal to the justice, municipal, or superior court, in accordance with the appropriate rules of jurisdiction, where the same shall be heard de novo."

[3]Appellants admit that on its face, section 1700.44 is constitutionally valid.

give effect to statutes according to the usual, ordinary import of the language employed in framing them.' (*Rich* v. *State Board of Optometry* (1965) 235 Cal.App.2d 591, 604 [45 Cal.Rptr. 512]; *Moyer* v. *Workmen's Comp. Appeals Bd.*, *supra*, 10 Cal.3d at p. 230.) ▮ Although a court may properly rely on extrinsic aids, it should first turn to the words of the statute to determine the intent of the Legislature. [Citations.] 'If the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history.' (*People* v. *Knowles, supra,* 35 Cal.2d 175, at p. 183 [217 P.2d 1]; *Rich* v. *State Board of Optometry, supra,* 235 Cal.App.2d, at p. 604.)" (*California Teachers Assn.* v. *San Diego Community College Dist., supra,* 28 Cal.3d at p. 698.)

Turning first to the language of section 1700.44, we find it is clear on its face. In pertinent part, section 1700.44 states that: "In cases of controversy arising under this chapter the parties involved shall refer the matters in dispute to the Labor Commissioner, who shall hear and determine the same, subject to an appeal *within 10 days after determination, to the superior court where the same shall be heard de novo.*" (Italics added.)

Addressing the literal meaning of the language used, the time to appeal a Labor Commissioner's determination runs immediately from the moment that determination is rendered. Therefore, a strict interpretation of section 1700.44 leads us to conclude that appellants' notice was not timely filed. ▮ However, though clear on its face, " '[t]he literal meaning of the words of a statute may be disregarded to avoid absurd results or to give effect to manifest purposes that, in light of the statute's legislative history, appear from its provisions considered as a whole. [Citation.]' " (*Estate of Grigsby* (1982) 134 Cal.App.3d 611, 618 [184 Cal.Rptr. 886], quoting from *Silver* v. *Brown* (1966) 63 Cal.2d 841, 845 [48 Cal.Rptr. 609, 409 P.2d 689].)

The legislative history of section 1700.44 is far from revealing.[4] However, the general intent of the Legislature in according section 1700.44 with a right to a trial de novo is identifiable.

---

[4]In 1937, the Labor Code was established. A portion of section 19 of the Private Employment Agency Law then in existence was codified as section 1647. Section 1647 contained the identical conferral of jurisdiction to determine all controversies, subject to appeal to be heard de novo, that section 19 contained. (*Buchwald* v. *Katz* (1972) 8 Cal.3d 493, 501 [105 Cal.Rptr. 368, 503 P.2d 1376].)

The language of section 1647 was subsequently modified to provide in pertinent part that the Labor Commissioner's determination was ". . . subject to an appeal within 10 days after determination, to the superior court where the same shall be heard de novo."

In 1959, the regulation of private employment agencies relating to theatrical or motion picture engagements (inclusive of § 1647) was codified as a separate chapter of the Labor Code. (Stats. 1959, ch. 888, § 1, p. 2920.) Chapter 4, sections 1700-1700.46, was to be known as the Artists' Managers Act.

In 1967, section 1700.44 was amended in nonpertinent part. (Stats. 1967, ch. 1567, § 2, p. 3762.) In 1978, the heading of chapter 4 was amended. (Stats. 1978, ch. 1382, p. 4575, § 3.) Finally, in 1982, section 1700.44 was again amended in nonpertinent part. (Stats. 1982, ch. 682, § 3.)

Reflecting on the Legislature's underlying intent in granting a trial de novo right, the provision for a trial de novo in section 1700.44 is both clear and essential to the validity of the statute. This is so because the Legislature lacked the power, absent a constitutional provision authorizing same, to confer judicial functions upon the Labor Commissioner.[5] (Cf. *Tex-Cal Land Management, Inc.* v. *Agricultural Labor Relations Bd.* (1979) 24 Cal.3d 335, 343 [156 Cal.Rptr. 1, 595 P.2d 579]; *Collier & Wallis, Ltd.* v. *Astor* (1937) 9 Cal.2d 202, 206 [70 P.2d 171]; *Standard Oil Co.* v. *State Board of Equal.* (1936) 6 Cal.2d 557, 559 [59 P.2d 119].) Thus, the need for a trial de novo right was both recognized and established. Therefore, what was created was not the right to a review of the Labor Commissioner's decision, but " '. . . a complete trial of the controversy, the same as if no previous hearing had ever been held.' " (*REA Enterprises* v. *California Coastal Zone Conservation Com.* (1975) 52 Cal.App.3d 596, 612 [125 Cal.Rptr. 201], quoting from *Collier & Wallis, Ltd.* v. *Astor, supra,* 9 Cal.2d at p. 205. See also *Pressler* v. *Donald L. Bren Co.* (1982) 32 Cal.3d 831, 835 [187 Cal.Rptr. 449, 654 P.2d 219]; *Buchwald* v. *Katz, supra,* 8 Cal.3d at p. 501.) With such a right, the courts have historically applied the rules governing conventional appeals. (*Pressler* v. *Donald L. Bren Co., supra,* 32 Cal.3d at p. 836.) Consequently, inherent in that right to a trial de novo must be the reasonable opportunity for the parties to pursue that right.

In interpreting section 1700.44, we presume the Legislature intended to enact a valid statute. Commensurate with that presumption, an interpretation consistent with the statutory language and purpose must be applied which eliminates doubts as to the provision's constitutionality. (*State Compensation Ins. Fund* v. *Workers' Comp. Appeals Bd.* (1979) 88 Cal.App.3d 43, 53 [152 Cal.Rptr. 153].)

Within this notion of constitutionality is the presumption that section 1700.44 meets minimum requirements of due process. "Notice is fundamental to due process: 'Engrained in our concept of Due Process is the requirement of notice. . . . Notice is required in a myriad of situations where a penalty or forfeiture might be suffered for mere failure to act.' (*Lambert* v. *California* (1958) 355 U.S. 225 . . . [citation].)" (5 Witkin, Summary of Cal. Law (8th ed. 1974) Constitutional Law, § 291, p. 3581.)

Section 1700.44 expressly provides for an appeal to the superior court within 10 days after the determination of the Labor Commissioner. However, unlike other sections of the Labor Code which also provide a trial de novo right, section 1700.44 does not explicitly allow an interested party reasonable time to notice a determination.

---

[5]This is not to imply that a determination of the Labor Commissioner that is not appealed is not binding to the same extent as if judicially rendered.

Sections 98.2, subdivision (a), and 2681, subdivision (b), provide for a trial de novo following a Labor Commissioner's decision conditioned upon an appeal being filed "within 10 days *after service of notice*" of the decision.[6]

Respondent contends, citing *Simmons* v. *Superior Court* (1959) 52 Cal.2d 373, 376 [341 P.2d 13], that "[p]etitioner was not entitled by law to any notice of the court's ruling, and the fact that he did not have actual notice of the ruling is therefore immaterial. *Arens* v. *Superior Court*, 45 Cal.2d 623, 625 . . . . It is a litigant's duty to protect his own record in each step of the proceedings, and his failure to do so, in the absence of reasonable justification, does not entitle him to an extension of time for appeal by resort to a writ of certiorari. . . ." Respondent suggests that "Lack of notice of entry by the clerk does not . . . relieve or authorize the court to relieve a party for failure to appeal within the time allowed. . . ." (*Nichols-Morris Corporation* v. *Morris* (2d Cir. 1960) 279 F.2d 81, 82-83; Fed. Rules Civ. Proc., rule 77(d), 28 U.S.C.)

Both *Simmons* and *Nichols-Morris Corporation* are readily distinguishable. In *Simmons,* the appellant had 60 days after rendition of the judgment in which to file an appeal. There, appellant offered no excuse for his failure to do so except that he did not have actual knowledge of the court's ruling. He also offered no explanation for his failure to discover the court's order except that the clerk did not send him notice. The very nature of the proceeding involved in *Simmons* also made it likely that notice of the decision to be rendered would be quickly forthcoming.

In contrast to *Simmons,* the appeal period here is a mere 10 days. The commissioner's decision was rendered eight months after the hearing. It is unreasonable to conclude that appellant should have contacted the clerk's office every week for eight months to make sure that a determination had not been rendered. Moreover, *Simmons* was decided prior to the 1965 amendment to Code of Civil Procedure section 664.5 which provides that upon entry of judgment, the clerk shall promptly mail notice of judgment to all parties who appeared in the action. Therefore, the language from *Simmons* that one is not entitled to notice of the court's ruling is inappropriate and inapplicable in light of Code of Civil Procedure section 664.5.

Likewise, *Nichols-Morris Corporation* v. *Morris, supra,* 279 F.2d 81, is distinguishable. The federal law concerning notice requirements for appeal is not entirely compatible with present California appellate law. For purposes of a

---

[6]Appellants suggest the only possible explanation for the distinction between the wording of section 1700.44 and sections 98.2 and 2681 is that section 1700.44 was enacted at a time when the Legislature was less skillful in drafting statutes. Sections 98.2 and 2681 were enacted in 1976 and 1980, respectively. As noted earlier (see fn. 4), section 1700.44 has a relatively inconclusive legislative history for purposes of this discussion.

federal appeal, the time to appeal from a judgment of a district court runs from the date of its entry and not from notice of entry. (*Id.*, at p. 82.)[7] Moreover, under federal law, the district court has discretion to extend the time " 'upon a showing of excusable neglect . . . .' " (*Id.*, at p. 83; Fed. Rules App. Proc., rules 4(a)(5), 28 U.S.C.) Such apparently is not the case under California law. (*Pressler* v. *Donald L. Bren Co., supra,* 32 Cal.3d at p. 835, fn. 6.) Finally, and most significantly, California is not bound by Federal Rules of Appellate Procedure.

■ In an air of consistency, "Every statute should be construed in the context of the whole system of law of which it is a part so that all may be harmonized and given effect." (*State Compensation Ins. Fund* v. *Workers' Comp. Appeals Bd., supra,* 88 Cal.App.3d at p. 53; *Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672].)

■ "[T]he final say on the meaning of a statute rests with the courts." (*State Compensation Ins. Fund* v. *Workers' Comp. Appeals Bd., supra,* 88 Cal.App.3d at p. 54; *Hall* v. *City of Taft* (1956) 47 Cal.2d 177, 188 [302 P.2d 574].) With that in mind, we see no reason why persons filing under section 1700.44 should not be afforded the same rights as those persons filing under sections 98.2 and 2681.

The order of dismissal is reversed.

Feinerman, P. J., and Hastings, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied June 29, 1983.

---

[7]This is also true of appeals from California court judgments. (Cal. Rules of Court, rules 2(b), 122(b).)