[No. B188997. Second Dist., Div. One. Nov. 30, 2006.]

ALEX E. FERRER, Plaintiff and Respondent, v.
ARNOLD M. PRESTON, Defendant and Appellant.

## COUNSEL

Schleimer & Freundlich and Joseph D. Schleimer for Defendant and Appellant.

Mitchell, Silberberg & Knupp, Ronald A. DiNicola, Douglas W. Bordewieck, Kirsten E. Miller and Robert M. Dudnik for Plaintiff and Respondent.

## OPINION

JACKSON, J.*—

## INTRODUCTION

Defendant, Arnold M. Preston, appeals from an order denying his motion to compel arbitration and granting a motion by plaintiff, Alex E. Ferrer, for a preliminary injunction and a stay of the action. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant is an attorney who renders services for personnel in the motion picture-television industry. Plaintiff is a former Florida superior court judge,

---

*Judge of the Los Angeles Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

who now works arbitrating legal disputes on the television program, *Judge Alex*, on the Fox television network. Defendant contends that plaintiff breached a written agreement by failing to pay defendant certain fees based on plaintiff's earnings from his performance in *Judge Alex*.

On March 7, 2002, plaintiff signed a management contract with defendant, and the contract contained a standard American Arbitration Association (AAA) arbitration clause. On June 10, 2005, defendant initiated an arbitration proceeding against plaintiff, seeking to recover the fees to which he claimed he was entitled. On July 1, 2005, plaintiff filed a motion to stay the arbitration with the arbitrator. Plaintiff also filed a petition to determine controversy (Petition) with the Labor Commissioner (Commissioner) and a motion asking the Commissioner to stay the arbitration. Defendant thereafter filed a motion to dismiss the Petition with the Commissioner. On October 12, 2005, the arbitrator issued an order denying plaintiff's motion to stay the arbitration.

On November 2, 2005, plaintiff filed the instant complaint containing two causes of action, one for a declaration that the dispute involving the validity of the contract is not subject to arbitration, and the second for injunctive relief, seeking to restrain defendant from proceeding with the arbitration. On November 8, 2005, defendant filed a motion with the trial court to compel arbitration. On the same day, the Commissioner denied defendant's motion to dismiss plaintiff's petition. The Commissioner also denied plaintiff's motion to stay the arbitration, "on the grounds that the Labor Commissioner does not have the authority to stay arbitration proceedings." On November 10, 2005, plaintiff filed with the trial court a motion for preliminary injunction, attempting to restrain the defendant from proceeding with the arbitration unless and until the Commissioner determined that he had no further jurisdiction over the parties' dispute.

Plaintiff also filed a motion for reconsideration with the arbitrator. On December 6, 2005, the arbitrator granted the motion for reconsideration and stayed the arbitration pending disposition of the matter before the Commissioner.

On December 7, 2005, the trial court issued its order, denying defendant's motion to compel arbitration and granting plaintiff's motion for a preliminary

injunction and staying the action pending final resolution by the Commissioner of the Petition. Defendant has appealed from this order.

## DISCUSSION

### 1. *The Talent Agencies Act*

■ The Talent Agencies Act (Act) (Lab. Code, § 1700 et seq.)[1] regulates the activities of a "talent agency," i.e., "a person or corporation who engages in the occupation of procuring, offering, promising, or attempting to procure employment or engagements for an artist or artists . . . ." (§ 1700.4, subd. (a).) Artists include persons rendering professional services in television enterprises. (*Id.*, subd. (b).)

Section 1700.44, subdivision (a), of the Act states that "[i]n cases of controversy arising under this chapter, the parties involved shall refer the matters in dispute to the Labor Commissioner, who shall hear and determine the same, subject to an appeal within 10 days after determination, to the superior court where the same shall be heard de novo."

Section 1700.5 of the Act states that "[n]o person shall engage in or carry on the occupation of a talent agency without first procuring a license therefor from the Labor Commissioner." Plaintiff contends that defendant was an unlicensed talent agent, and therefore their agreement is void and defendant is barred from recovering the compensation he is seeking under the contract. Defendant asserts that he was acting as a personal manager, not as a talent agent, and he is not barred from recovering compensation for his services.

The question before us is who has original jurisdiction to make the determination as to the validity of the parties' contract. Defendant contends that the question of the contract's validity should be determined by the arbitrator, and the trial court therefore erred in refusing to compel arbitration. We disagree.

■ The parties' contract included a standard AAA arbitration clause, including a stipulation that the parties are to arbitrate any attack on the "validity or legality" of the contract. However, as interpreted by the courts, section 1700.44, subdivision (a), vests exclusive original jurisdiction in the Commissioner to resolve issues arising under the Act—including the issue of

---

[1] All statutory references hereinafter are to the Labor Code.

whether or not an individual such as defendant is a personal manager or an unlicensed talent agent. In *Styne v. Stevens* (2001) 26 Cal.4th 42 [109 Cal.Rptr.2d 14, 26 P.3d 343] (*Styne*), the Supreme Court held that the Commissioner's exclusive original jurisdiction applies even where the Act is first raised by the artist as a defense to a claim for breach of contract by the personal manager/talent agent. (26 Cal.4th at pp. 58–59.) In the present case, defendant asserted a claim that plaintiff had breached his contract and plaintiff submitted the Petition to the Commissioner to determine the issue of whether the contract involved the services of a talent agency. The Commissioner found that plaintiff had raised a "colorable" defense to defendant's claims, based on an alleged violation of the Act. The administrative procedures before the Commissioner must be resolved before resort may be had to another tribunal. Contrary to defendant's suggestion, the fact that plaintiff is a sophisticated individual, with significant legal experience does not alter the decision of *Styne* or the procedure to follow.

■ As explained in *Styne, supra*, 26 Cal.4th at page 58, it is appropriate for the Commissioner to resolve the dispute between the parties, for "[t]he Commissioner's expertise in applying the Act is particularly significant in cases where, as here, the essence of the parties' dispute is whether services performed were by a talent agency for an artist." In addition, "the Commissioner['s] . . . interpretation of a statute he is charged with enforcing deserves substantial weight." (*Id.* at p. 53.) In the present case, defendant commenced an arbitration seeking damages for breach of contract. In *Styne*, the action was initiated in superior court. We find the distinction to be of no consequence.

The trial court here correctly applied *Buchwald v. Superior Court* (1967) 254 Cal.App.2d 347 [62 Cal.Rptr. 364] (*Buchwald*) in refusing to order arbitration and staying the proceedings until the Commissioner resolved the question before him. The facts of *Buchwald* are on point to the case at bar. In *Buchwald*, the rock band known as Jefferson Airplane claimed that section 1700.44 made their contract with their manager, Matthew Katz (Katz), void because the manager had obtained employment for them without being licensed as a talent agent. Katz sought arbitration based upon an arbitration clause in his contract. The band filed a petition with the Commissioner, contending that Katz was an unlicensed talent agent. The band also brought an action in superior court, attempting to prevent Katz from proceeding with arbitration. (254 Cal.App.4th at pp. 351–353.) The Court of Appeal held that the Commissioner had exclusive original jurisdiction over the controversy based upon the band's petition, and that the exhaustion doctrine applied. (*Id.* at

p. 359.) In the present case, defendant sought to compel arbitration with plaintiff. Then plaintiff sought an order staying the arbitration and sought to require defendant to exhaust his administrative remedies before the Commissioner. As in *Buchwald*, the trial court properly granted plaintiff's request.

Defendant is unable to distinguish the facts in the present case from the facts in *Buchwald* and attempts to argue that *Buchwald* is no longer good law and has been overruled by *Styne*. However, the *Styne* opinion repeatedly cites *Buchwald*. Defendant relies on footnote 9 in *Styne* in support of the argument that *Buchwald* has been overruled. *Styne* at footnote 9 states that "the Talent Agencies Act specifically allows parties to provide in their contract that disputes thereunder shall be resolved by private arbitration, rather than by the Commissioner. (§ 1700.45.) Nothing in our reasoning restricts this right." (*Styne, supra*, 26 Cal.4th at p. 59, fn. 9.)

■ The footnote makes reference to section 1700.45 of the Act, described "Contract provision for arbitration; Provisions prerequisite to validity." *Styne* did not involve a contract containing an arbitration clause, so the court did not consider whether the prerequisites of section 1700.45 were met.[2] To be valid under section 1700.45, the contract must satisfy either subdivisions (a) or (b), and it must also satisfy subdivisions (c) and (d). The contract between plaintiff and defendant does not satisfy subdivisions (c) or (d), in that it does not provide for notice to the Commissioner of all arbitration proceedings or give the Commissioner the right to attend the hearings.

Defendant further argues that *Buchwald* is not applicable because it was decided under a repealed statute, the "Artists' Managers Act." Defendant claims that the current Act eliminated the requirement that managers must have a license. The argument is not well taken. The Artists' Managers Act and the Talent Agencies Act are very similar in relevant aspects. While they

---

[2] In relevant part, section 1700.45 states:

"Notwithstanding Section 1700.44, a provision in a contract providing for the decision by arbitration of any controversy under the contract or as to its existence, validity, construction, performance, nonperformance, breach, operation, continuance, or termination, shall be valid:

"(a) If the provision is contained in a contract between a talent agency and a person for whom the talent agency under the contract undertakes to endeavor to secure employment, or

"(b) If the provision is inserted in the contract pursuant to any rule, regulation, or contract of a bona fide labor union regulating the relations of its members to a talent agency, and

"(c) If the contract provides for reasonable notice to the Labor Commissioner of the time and place of all arbitration hearings, and

"(d) If the contract provides that the Labor Commissioner or his or her authorized representative has the right to attend all arbitration hearings."

differ slightly in the definitions of "artists' manager" and "talent agent,"[3] sections 1700.44 and 1700.45 of both acts are identical in relevant points.

While defendant argues that he is a manager and not required to obtain a license, the Commissioner denied defendant's motion to dismiss for lack of subject matter jurisdiction, indicating that "this case presents a colorable basis for the exercise of the Labor Commissioner's jurisdiction and therefore, the matter must be submitted to the Labor Commissioner for determination." This being the case, the questions as to whether defendant is a talent agent and whether his contract with plaintiff is valid properly are submitted to the Commissioner in the first instance.

2. *Federal Preemption*

Defendant also argues that the Federal Arbitration Act (9 U.S.C. § 1 et seq.) (FAA) preempts California law requiring the Commissioner to first adjudicate the legality of the contract. Defendant relies on the case of *Buckeye Check Cashing, Inc. v. Cardegna* (2006) 546 U.S. 440 [163 L.Ed.2d 1038, 126 S.Ct. 1204] (*Buckeye*).

*Buckeye* is inapposite, however. *Buckeye* did not involve an administrative agency with exclusive jurisdiction over a disputed issue. *Buckeye* did not consider whether the FAA preempts application of the exhaustion doctrine. *Buckeye* held, as between a court and an arbitrator, the arbitrator and not the court hears "a challenge to the validity of the contract as a whole." (*Buckeye, supra*, 546 U.S. at p. 448 [126 S.Ct. at p. 1210].) *Buckeye* did not discuss whether a challenge to a contract as a whole should first have been made to an administrative agency where there is a statute vesting the agency with exclusive original jurisdiction to decide a challenge based on specific grounds.

---

[3] Former section 1700.4, the former Artists' Managers Act, defined artists' managers as follows: "An artists' manager is hereby defined to be a person who engages in the occupation of advising, counseling, or directing artists in the development or advancement of their professional careers and who procures, offers, promises or attempts to procure employment or engagements for an artist only in connection with and as a part of the duties and obligations of such person under a contract with such artist by which such person contracts to render services of the nature above mentioned to such artist." (Stats. 1959, ch. 888, § 1, p. 2921.)

Section 1700.4, subdivision (a), part of the Talent Agencies Act provides as follows: " 'Talent agency' means a person or corporation who engages in the occupation of procuring, offering, promising, or attempting to procure employment or engagements for an artist or artists, except that the activities of procuring, offering, or promising to procure recording contracts for an artist or artists shall not of itself subject a person or corporation to regulation and licensing under this chapter. Talent agencies may, in addition, counsel or direct artists in the development of their professional careers."

### 3. *California Labor Code's Application to the Dispute*

Defendant finally argues that the California Labor Code does not apply, on the theory that plaintiff lives and works outside of California.[4] However, defendant lives and works in California, he signed the contract in California, and he instituted arbitration in California. In addition, the contract contains a choice of law clause stating that "[t]his agreement shall be governed by the laws of the state of California, applicable to agreements wholly entered into and performed herein." Defendant's argument is without merit.

## CONCLUSION

■ While there is a strong public policy in favor of contractual arbitration (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 9 [10 Cal.Rptr.2d 183, 832 P.2d 899]; *Madden v. Kaiser Foundation Hospitals* (1976) 17 Cal.3d 699, 702 [131 Cal.Rptr. 882, 552 P.2d 1178]), the *Buchwald* case is very clear and requires the Commissioner to determine first the issue of whether defendant is required to have a license in order to recover on a breach of contract from plaintiff. As noted in *Styne, supra,* 26 Cal.4th 42, "controversies colorably arising under the Talent Agencies Act are within the exclusive original jurisdiction of the Commissioner," whether raised by the party bringing an action or as a defense. (*Styne, supra,* 26 Cal.4th at p. 59.) The fact that the losing party will have a right to a de novo hearing, involving additional time and money, does not excuse defendant from the legal requirement to exhaust his administrative remedies.

The order is affirmed.

Mallano, Acting P. J., concurred.

**VOGEL, J.,** Dissenting.—When a former judge and a lawyer enter a contract in which they agree that any dispute about that contract will be resolved by arbitration, I think they ought to be bound by that agreement.

### A.

On March 7, 2002, Arnold M. Preston (a lawyer) and Alex E. Ferrer (a former lawyer and former Florida trial judge who now decides cases for a television series, *Judge Alex*) signed a six-page "Personal Management Agreement" in which Ferrer agreed to pay Preston 12 percent of his earnings from *Judge Alex* in consideration for Preston's services as a personal

---

[4] Plaintiff is a resident of Florida, employed in Texas, and signed the arbitration agreement in Nevada.

manager, and to arbitrate any dispute about the terms of the contract or its "validity or legality."[1] Although Ferrer modified several of the contract's provisions (by handwritten interlineations and other markings), he made no changes to the arbitration provision. He initialed every page. In 2005, Ferrer refused to pay Preston's fees.

On June 10, 2005, Preston filed a demand for arbitration with the American Arbitration Association, seeking damages for breach of contract based on Ferrer's failure to pay his fees. Ferrer's lawyer appeared in the arbitration and defended the action for six months, during which he moved (successfully) for the recusal of the arbitrator first assigned to decide the dispute, moved (unsuccessfully) for a stay of the arbitration proceedings,[2] and participated in a scheduling conference at which the second arbitrator set the arbitration hearing for January 26, 2006.

On July 5, 2005, Ferrer filed a petition with the Labor Commissioner, alleging among other things that Preston was acting as an unlicensed talent agent in violation of the Talent Agencies Act (Lab. Code, § 1700 et seq.), not as a personal manager, and claiming the contract was void. On the same day, Ferrer (by motion) asked the Commissioner to stay the arbitration proceedings. On November 8, the Commissioner denied the motion on the ground that he lacked jurisdiction to stay an arbitration.

Undeterred, Ferrer filed the superior court action now before us, seeking a declaration that the dispute is not subject to arbitration and an injunction staying the arbitration proceedings. Preston appeared and filed a motion to compel arbitration. Ferrer filed a motion for a preliminary injunction. Ferrer prevailed—the trial court denied Preston's motion to compel arbitration and issued a preliminary injunction staying the arbitration proceedings.

In none of these proceedings did Ferrer challenge the validity of the arbitration clause.

---

[1] As relevant, the arbitration provision provides: "In the event of any dispute under or relating to the terms of this agreement, *or the breach, validity, or legality thereof*, it is agreed that the same shall be submitted to arbitration to the American Arbitration Association in the city of Los Angeles, California, and in accordance with the rules promulgated by the said association, and judgment upon the award rendered by the arbitrator(s) may be entered into any court having jurisdiction thereof. . . ." (Italics added.)

[2] The motion for a stay was filed with the arbitrator on July 1, 2005, on the ground that Ferrer intended to—but had not yet—filed a petition asking the Labor Commissioner of the State of California to determine the controversy. The arbitrator denied the motion because its merits could not be determined without an evidentiary hearing.

## B.

When fully informed parties with equal bargaining power agree to arbitrate any dispute that arises out of their business dealings because arbitration is an efficient, expeditious, economical and fair means of resolving their dispute, their agreement ought to be enforced. (*Madden v. Kaiser Foundation Hospitals* (1976) 17 Cal.3d 699, 702–703, 706–707 [131 Cal.Rptr. 882, 552 P.2d 1178].) When the arbitration agreement includes a clear, express, and un-equivocal agreement that the arbitrator shall decide jurisdictional issues—that is, the "validity" and "legality" of the contract—that agreement ought to be enforced. (*Higgins v. Superior Court* (2006) 140 Cal.App.4th 1238, 1249 [45 Cal.Rptr.3d 293] [a court may not consider a claim that an arbitration provision is unenforceable if it is a subterfuge for a challenge to the entire agreement because that contention must be submitted to the arbitrator].) In my view, *Styne v. Stevens* (2001) 26 Cal.4th 42 [109 Cal.Rptr.2d 14, 26 P.3d 343] supports my interpretation, not the views expressed by my colleagues.

There was no arbitration provision in the *Styne* contract, and the issue decided there was that, in a lawsuit arising under the Talent Agencies Act, the dispute must be referred to the Labor Commissioner, and the proceedings before the Commissioner must be concluded before the parties can proceed *to the superior court.* (*Styne v. Stevens, supra*, 26 Cal.4th at pp. 54–56.) Indeed, the Supreme Court expressly rejected an argument that its holding would undermine similar contracts with arbitration provisions, noting that "[n]othing in [its] reasoning restricts" the parties' right to provide in their contract that their disputes shall be resolved by private arbitration rather than by the Commissioner. (*Id.* at p. 59, fn. 9.)

My colleagues, assuming their own conclusion, dismiss this language on the ground that the arbitration provision before us does not conform to the Talent Agencies Act's requirements as set out in Labor Code section 1700.45. (Maj. opn., *ante*, p. 446, fn. 2.) Their approach ignores the fact that the parties signed a "Personal Management Contract," not a Talent Agent's Contract, and the only reason the Talent Agencies Act is relevant is that Ferrer claims the agreement is not what it appears to be and that Preston was in fact acting as an unlicensed talent agent. Based on the parties' agreement, this threshold issue—which quite plainly has to do with the "validity" and "legality" of the contract—must be decided by the arbitrator, not the Labor Commissioner or the trial court. (Cf. *Buckeye Check Cashing, Inc. v. Cardegna* (2006) 546 U.S. 440 [163 L.Ed.2d 1038, 126 S.Ct. 1204, 1210]; *Green Tree Financial Corp. v. Bazzle* (2003) 539 U.S. 444 [156 L.Ed.2d 414,

123 S.Ct. 2402].)[3] If after an evidentiary hearing the arbitrator agreed that Ferrer had raised a colorable defense (that Preston was wrongfully acting as an unlicensed talent agent), the arbitrator would then determine whether the arbitration provision substantially complied with Labor Code section 1700.45 (keeping in mind that Ferrer has never challenged the validity of the arbitration clause). If the arbitrator found substantial compliance, he would determine the dispute. If not, the arbitrator would dismiss the arbitration proceedings, leaving the parties to exhaust their administrative remedies before the Labor Commissioner, then ultimately resolve their dispute in the superior court.

Instead of the speedy, efficient, and relatively inexpensive procedure contemplated by the parties' contract, my colleagues have permitted Ferrer to cause a delay of years and triple or quadruple the parties' expenditures. (Lab. Code, §§ 98.2, 1700.44, subd. (a); *Sinnamon v. McKay* (1983) 142 Cal.App.3d 847, 850 [191 Cal.Rptr. 295] [the Labor Commissioner's findings are not binding, and each party has a right to trial de novo in the superior court].) That is not how it is supposed to work.[4]

---

[3] *Buckeye* establishes "three propositions. First, as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract. Second, unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance. Third, this arbitration law applies in state as well as federal courts. [Because the challenge in this case is to the] Agreement, but not specifically its arbitration provisions, those provisions are enforceable apart from the remainder of the contract. The challenge should therefore be considered by an arbitrator, not a court." (*Buckeye Check Cashing, Inc. v. Cardegna, supra,* 126 S.Ct. at p. 1209.) Because it is undisputed (correctly) that the contract before us is governed by the Federal Arbitration Act (*Higgins v. Superior Court, supra,* 140 Cal.App.4th at p. 1247), it follows necessarily that the arbitrator and not the court must determine the gateway issues. My colleagues' contrary conclusion— based on the fact that the *Buckeye* court did not consider whether the issue should go first to a state administrative agency—ignores *Buckeye*'s holding that its rules trump conflicting state procedures. *Buchwald v. Superior Court* (1967) 254 Cal.App.2d 347 [62 Cal.Rptr. 364]—a case that is almost 40 years old and based on a different statutory scheme—did not have an arbitration provision that vested the arbitrator with jurisdiction to determine the threshold questions at issue in this case and *Buchwald* thus provides no authority for the majority's conclusions. (*Little v. Auto Stiegler, Inc.* (2003) 29 Cal.4th 1064, 1081, fn. 3 [130 Cal.Rptr.2d 892, 63 P.3d 979] [cases are not authority for propositions not considered].) I also question whether *Buchwald* survives *Buckeye.*

[4] There is yet another reason to reverse. Ferrer established his "colorable" defense under the Talent Agencies Act by argument, not by evidence, and the trial court then relied on the existence of this defense to support its decision to issue a preliminary injunction staying the arbitration proceedings. Put another way, there is no evidence at all to support issuance of the preliminary injunction, and this fact alone requires reversal. (*San Francisco Newspaper Printing Co. v. Superior Court* (1985) 170 Cal.App.3d 438, 441–442 [216 Cal.Rptr. 462] [a preliminary injunction must be supported by evidence establishing the moving party's probability of success on the merits]; *Higgins v. Superior Court, supra,* 140 Cal.App.4th at p. 1249 [the party opposing a petition to compel arbitration bears the burden of proving by a preponderance of evidence any facts necessary to his defense].)

I would reverse, and direct the trial court to grant Preston's petition for arbitration and stay both the court proceedings and the proceedings before the Labor Commissioner pending the arbitrator's decision.

Appellant's petition for review by the Supreme Court was denied February 14, 2007, S149190.